417 So.2d 703 (1982)
HAVATAMPA CORPORATION, a Florida Corporation, Appellant,
v.
McELVY, JENNEWEIN, STEFANY & HOWARD, ARCHITECTS/PLANNERS, INC., a Florida Corporation; C.A. Fielland, Inc., a Florida Corporation, Whatley Roofing & Sheet Metal, Inc., a Florida Corporation; Commercial Roof Decks of Tampa, Inc., a Florida Corporation; GAF Corporation, a Delaware Corporation; W.R. Grace & Company, a Massachusetts Corporation, Appellees.
No. 81-1950.
District Court of Appeal of Florida, Second District.
June 30, 1982.
Rehearing Denied August 4, 1982.
J. Bert Grandoff of Lawson, McWhirter & Grandoff, Tampa, for appellant.
Jon W. Zeder and Jerold I. Budney of Paul & Thomson, Miami, for appellees.
CAMPBELL, Judge.
Appellant brought this appeal from a summary judgment for appellees which *704 held that appellant's cause of action was barred by the statute of limitations as set forth in section 95.11(3)(c), Florida Statutes (1979).[1] The applicable portions of section 95.11(3)(c) provide as follows:
(3) WITHIN FOUR YEARS. 
... .
(c) An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer; except that when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence... .
Appellees were the architect, contractor, subcontractors, materialmen and bonding company utilized in the design and construction of a new manufacturing facility for appellant. Appellees specifically were involved in the design and construction of the 250,000 square foot roof of the new facility. The date of actual possession or occupancy by appellant of the new facility was April 10, 1972. On that date appellant knew that the roof was leaking and so notified each of the appellees. Thereafter numerous inspections of the leaking roof were made as well as various attempts to repair the leaks. None of the attempted repairs were successful. The roof leaked more or less continuously from the day of occupancy until the present time. It was not until April of 1976 that appellant hired an independent consultant to inspect the roof. In August of 1976 that consultant reported to appellant that the cause of the leaking roof was complex and that it was not reasonably possible for appellant to know the true nature or full extent of the specific nature of the defects that caused the roof leaks. Appellant, therefore, argues that since it could not be expected to know the specific nature of the defects, they were "latent" defects within the terms of the statute, and appellant's cause of action did not accrue until it had knowledge or could reasonably be expected to have knowledge of the specific nature of the defects causing the leak. Appellant filed its complaint on August 26, 1976. We affirm the trial court's holding that section 95.11(3)(c) bars appellant's action.
On the day appellant took occupancy of the facility, it knew there was a problem with the roof. The problem has never been corrected. Appellant cannot rely on a lack of knowledge of the specific cause of the problem to protect it against expiration of the four year statute of limitations.
Appellant cites the recent case of School Board of Seminole County v. GAF Corp., 413 So.2d 1208 (Fla. 5th DCA 1982), as supportive of its position. We find that case to be distinguishable on the facts. There, the majority of our colleagues on the fifth district seemed to base their holding on a finding that the School Board of Seminole County relied on assurances by the defendant architect, after the roof problems were discovered, that they were being handled and that permanent repairs would be made under his direction. In addition it appears that the leaks were not present on occupancy but developed during the first two years following completion of construction. We reject School Board of Seminole County to the extent that it can be construed to require knowledge of the specific nature of the defect causing an obvious problem before the statute of limitations commences to run. If that was the basis of the court's holding in School Board of Seminole County, we would be required to concur with Judge Cowart's dissenting opinion which more closely parallels this court's view of the applicability of the statute of limitations. We also would not find it necessary to distinguish K/F Development & Investment Corp. v. Williamson Crane & *705 Dozer Corp., 367 So.2d 1078 (Fla. 3d DCA), cert. denied, 378 So.2d 350 (Fla. 1979), where the third district held that "people should exercise their rights within the limitations time set and that this time period should not be extended by good faith attempts to remedy a defect." Id. at 1080. We consider this sound reasoning applicable to the circumstances of this case.
AFFIRMED.
BOARDMAN, A.C.J., and RYDER, J., concur.
NOTES
[1] The court below held, and the parties never disputed, that the applicable statute was section 95.11(3)(c), Florida Statutes (1979). We, therefore, have not considered whether an earlier version of that statute may or may not have been applicable.