435 So.2d 804 (1983)
Eoghan N. KELLEY, Petitioner,
v.
SCHOOL BOARD OF SEMINOLE COUNTY, Respondent.
No. 62152.
Supreme Court of Florida.
July 14, 1983.
*805 Stephen D. Feinberg and Lora A. Dunlap of Akerman, Senterfitt & Eidson, Orlando, for petitioner.
Ned N. Julian, Jr. of Stenstrom, McIntosh, Julian, Colbert & Whigham, Sanford, and Marcia K. Lippincott, Orlando, for respondent.
McDONALD, Justice.
We have for review School Board of Seminole County v. GAF Corp., 413 So.2d 1208 (Fla. 5th DCA 1982), because of conflict with K/F Development & Investment Corp. v. Williamson Crane & Dozer Corp., 367 So.2d 1078 (Fla. 3d DCA), cert. denied, 378 So.2d 350 (Fla. 1979), and Havatampa Corp. v. McElvy, Jennewein, Stefany & Howard, Architects/Planners, Inc., 417 So.2d 703 (Fla. 2d DCA 1982). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and quash the district court's opinion in this case.
In 1969 and 1970 the school board contracted with Kelley to provide architectural services for the design and construction of several elementary schools in Seminole County. The roofs of the three schools concerned with in this case each began leaking before or shortly after completion of construction. Extensive repairs were made over the years, but the roofs of all three schools eventually had to be replaced.
In 1977 the school board sued Kelley, alleging that the leaks resulted from architectural errors. The school board joined the roofing subcontractors, the general contractors, and the roofing material manufacturers in 1978. The trial court granted summary judgment against the school board.
On appeal the fifth district consolidated the three cases and, holding that the statute of limitations did not bar the board's claims, reversed the summary judgment. The district court emphasized that Kelley had been involved with trying to correct the leaks from the beginning and that he had handled, coordinated, and devised the repairs. The court found that
where a "client" is relying on a "professional" to resolve and cure a problem within the ambit of their professional relationship, and where the professional continuously works on the problem and assures the client the problem is being solved, we think it is a question of fact resolvable by a jury, as to when the client knew or should have known his problem was permanent and irreparable.
413 So.2d at 1211-12. The majority found the "continuous treatment" doctrine[1] to be embodied in Florida's statute of limitations when a client-professional relationship is involved. In dissent, however, Judge Cowart stated that the continuous treatment doctrine is a new concept to Florida law and that, within the time allowed by law, "the client should either give up on his amiable but bungling professional, get competent help and sue, or be forever barred from asserting his stale claim." Id. at 1213.
We find that Judge Cowart reached the proper conclusion in this case. Subsection 95.11(3)(c), Florida Statutes (1977),[2] provides a four-year statute of limitations for
action[s] founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer; except that when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event the action must be commenced *806 within 12 years after the date of actual possession by the owner, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer.
The school board filed suit in August 1977. Under subsection 95.11(3)(c), therefore, it would have had to have discovered that it had a cause of action between August 1973 and August 1977.
As a general rule, a statute of limitations begins to run when there has been notice of an invasion of legal rights or a person has been put on notice of his right to a cause of action. City of Miami v. Brooks, 70 So.2d 306 (Fla. 1954). The record establishes that the school board had knowledge of the defective roofs sufficient to put it on notice that it had, or might have had, a cause of action prior to August 1973.[3] The roofs started leaking in 1970 and 1971 and, apparently, continued to leak up to the time of filing these suits. As Judge Cowart pointed out: "When a newly finished roof leaks it is not only apparent, but obvious, that someone is at fault." 413 So.2d at 1212. The board, therefore, knew that an obvious problem existed more than four years prior to August 1977.
Moreover, in January 1973 the school board's maintenance director sent a memorandum to the board's director of auxiliary services in which he stated that an inspection showed that "the areas leaking were apparently at the expansion joints in the building. There were no provisions made in the roof itself to prevent the material from cracking due to expansion." In a letter dated March 30, 1973 one of the roofing contractors told the director of auxiliary services that the roof decking was splitting which caused the roofing materials to split. The director, in a handwritten note on the bottom of that letter, told Kelley's office that the deck split could void the roofing bond which greatly concerned him. Also, the director of auxiliary services stated in a deposition that by early 1973 some areas of the roofs which had previously been repaired were again causing problems.
In Havatampa the second district faced a similar situation. Havatampa knew that the roof of its new manufacturing facility leaked when it took possession of the building. Its architects also tried to repair the leaks, but, as in the instant case, several years passed before Havatampa hired an independent consultant who determined the specific nature of the defects causing the leaks. The district court held that Havatampa could not rely on a lack of knowledge of the specific cause to protect it from the running of the statute of limitations.
The second district acknowledged the fifth district's opinion in the instant case, noted the differences between the cases, and then stated: "We reject School Board of Seminole County to the extent that it can be construed to require knowledge of the specific nature of the defect causing an obvious problem before the statute of limitations commences to run." 417 So.2d at 704. It appears to us that the school board's claim that its reliance on Kelley prevented its discovery of the specific cause of the roofs' problems is central to the fifth district's resolution of this case. On essentially similar facts, however, we find that Havatampa reaches the proper conclusion.
In K/F Development Corp. that corporation built and sold two warehouses, the roofs of which began to leak shortly after the sale. Repairs did not correct the problems, and the buyer eventually sued the seller. The third district reversed a jury verdict in favor of the buyer and stated that "people should exercise their rights within the limitations set and that this time period should not be extended by good faith attempts to remedy a defect." 367 So.2d at 1080. The attempt to remedy defects is *807 also central to the fifth district's resolution of this case, but we find that the third district, rather than the fifth, reached the proper conclusion on this issue.
The evidence shows that, regardless of Kelley's attempts to repair the roofs and regardless of the school board's lack of knowledge of a specific defect, the school board knew more than four years prior to August 1977 that something was wrong with the roofs of these three schools. This knowledge meets the discovery aspect of subsection 95.11(3)(c).[4] We approve Havatampa and K/F Development and quash the instant opinion with orders to reinstate the trial court judgment.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD and SHAW, JJ., concur.
OVERTON, J., dissents with an opinion.
OVERTON, Justice, dissenting.
I dissent. I would accept the continuing treatment doctrine advocated by Judge Upchurch in his special concurrence to the district court's decision. To hold otherwise may cause litigation in cases where, given time, the contested matter could be settled by the parties to their satisfaction.
NOTES
[1] The court cites several cases from other jurisdictions concerning this doctrine. 413 So.2d at 1212 n. 6.
[2] Kelley argues that the 2-year statute of limitations in § 95.11(4)(a), Fla. Stat. (1977), should apply. Both the trial court and the fifth district found the 4-year statute applicable, and we agree with the district court that the language of (3)(c), rather than (4)(a), is more specifically applicable to this case. On similar facts the second district also applied the 4-year statute in Havatampa.
[3] This case does not, therefore, present the question as to whether a cause of action actually existed or whether the school board had, or should have, discovered the existence of a problem. Compare First Fed. Sav. & Loan Ass'n v. Dade Fed. Sav. & Loan Ass'n, 403 So.2d 1097 (Fla. 5th DCA 1981), and Swagel v. Goldman, 393 So.2d 65 (Fla. 3d DCA 1981), with the instant case.
[4] Before this Court the school board also makes a claim of fraudulent concealment. The pleadings in the trial court do not set out such a claim as to meet the requirements mentioned in Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976).