500 So.2d 346 (1987)
CONQUISTADOR CONDOMINIUM VIII ASSOCIATION, INC., Appellant,
v.
CONQUISTADOR CORPORATION, a Florida Corporation, a/K/a the Successor Corporation U.S. Homes of Florida, Inc., U.S. Home Corporation, and Dean Van Horn, Appellees.
No. 85-2540.
District Court of Appeal of Florida, Fourth District.
January 7, 1987.
*347 Jane L. Cornett of Wackeen & Cornett, P.A., Stuart, for appellant.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellees.
PER CURIAM.
In 1984 appellants filed suit against appellees for negligence in the construction of the mansard roof at Conquistador Condominium Building 8. They claimed that appellees failed to construct the roof in accordance with the building code, the plans and specifications, workmanlike principles, or sound engineering and construction practices. The complaint alleged that the defects constituted latent defects. The trial court granted appellees' motion for summary judgment based on the four-year statute of limitations provided in section 95.11(3)(c), Florida Statutes (1985). Appellants argue that the trial court should not have granted a summary judgment because genuine issues of material fact exist as to the date when they received notice that the defects were caused by appellees' negligence. We disagree and affirm.
The unit owners took control of building number 8 on May 1, 1974 and water leaks were discovered as early as 1976 or 1977. The record contains a copy of a report included in the minutes of the December 4, 1979 meeting of the condominium association that stated:
We have conducted an active surveillance of the roof, mansards and parapet and have taken steps to stop all reported leakages. We are sure that much of all the trouble is the result of inadequate and shoddy construction and we will recommend that the next Board determine the feasibility of correcting the construction faults so that the possibility of leakage will be minimal and easily remedied.
Appellant's answers to interrogatories show ongoing expense for repairs to the roof beginning in 1979 and continuing through 1985. We find no merit in appellant's argument that they did not know that the roof was defective until they received the engineer's report in 1982. The roof had leaked since 1976 and the repairs beginning in 1979 cannot be considered insubstantial. The record contains sufficient uncontradicted evidence to support the trial judge's conclusion that as a matter of law appellant had notice in 1979 that a defective condition existed.
In School Board of Seminole County v. G.A.F. Corp., 413 So.2d 1208 (Fla. 5th DCA 1982) the district court reversed a summary judgment entered against a plaintiff suing to recover for alleged improper design or supervision of construction of roofs for three schools. The trial court granted the defendant's motion for summary judgment on the basis of the running of the applicable statute of limitations. The district court found that the statute embodied what is referred to as the continuous treatment doctrine. Judge Cowart dissented and said
[T]he majority cites no authority for the statement that such "continuous treatment" doctrine has already been adopted as a part of Florida law relating to the accrual of a cause of action and the resultant *348 commencement of the running of the statute of limitations against a "professional." Existing law does not require a client to sue his professional "immediately" after discovering negligently caused injury or damage. Applicable statutes of limitation give either two or, as here, four years within which time the client should either give up on his amiable but bungling professional, get competent help and sue, or be forever barred from asserting his stale claim.
Id. at 1213.
In Kelley v. School Board of Seminole County, 435 So.2d 804 (Fla. 1983) the supreme court found that Judge Cowart had reached the proper conclusion and quashed the majority opinion. The court held that
[R]egardless of Kelley's attempts to repair the roofs and regardless of the school board's lack of knowledge of a specific defect, the school board knew more than four years prior to August 1977 that something was wrong with the roofs of these three schools. This knowledge meets the discovery aspect of subsection 95.11(3)(c).
Id. at 807.
Accordingly, we affirm the summary judgment in favor of appellees.
AFFIRMED.
DELL and STONE, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
This case, in my view, points up the necessity that condominium associations, as soon as the unit owners take over control, engage professional engineers or architects to determine whether the buyers received all that they thought they had bought. The likelihood is remote that volunteer unit-owner directors, however well-meaning, can ascertain as well as trained experts can whether the development buildings have structural integrity.
I appreciate the fact that the trial court found and took the time to state in writing its reasons for granting summary judgment in favor of the defendants, and to identify the authorities on which it relied. Apropos is the following excerpt from Andersen v. Liberty Lobby, 472 U.S. ___, ___, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 213 (1986), wherein the Supreme Court discussed appellate review of summary judgments:
There is no requirement that the trial judge make findings of fact.[6]
[6] In many cases, however, findings are extremely helpful to a reviewing court.