THOMPSON, Judge.
This is an appeal from a partial summary-final judgment in favor of the defendant, Dr. Flynn, in a malpractice action. We reverse and remand.
A partial summary final judgment was entered in favor of Dr. Flynn as to any alleged acts of malpractice committed prior to January 3, 1976, on the ground that the statute of limitations had run as to those acts. Although in prior procedings in this cause it was established that the appellant knew or should have known of the alleged malpractice sometime prior to April 10, 1976, and that his cause of action therefore accrued prior to that date, no express determination has yet been made by any trier of fact as to whether the cause of action accrued before or after January 3, 1976. Resolution of the question is crucial, because if appellant knew or in the exercise of due diligence should have known of the alleged malpractice prior to that date, i.e., if his cause of action did in fact accrue prior to January 3, 1976, the relation back doctrine explicated in Brown v. Wood, 202 So.2d 125 (Fla. 2d DCA 1967) cannot apply and the action is time-barred with respect to any acts committed prior to January 3, 1976. If appellant did not know or have reason to know of the alleged malpractice prior to January 3, 1976, so that his cause of action did not accrue until that date or thereafter, he may still be able to recover for some or all of the allegedly tortious acts committed prior to that date depending on whether the trial court finds that the legal criteria for application of the relation back doctrine have been met. We reject, as being without merit, appellee’s contention that the Florida Supreme Court’s disapproval of the continuous treatment doctrine, see, Kelley v. School Board of Seminole County, 435 So.2d 804 (Fla. 1983), has overruled, superseded, or otherwise affected the rule of Brown v. Wood.
REVERSED and REMANDED.
SHIVERS and ZEHMER, JJ., concur.