Jonathan B. **REISMAN** and Brenda G. Reisman, Plaintiffs–Appellants,

v.

GENERAL MOTORS CORPORATION, a Delaware Corporation, Defendant–Appellee.

No. 87–5209

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 17, 1988.

George Befeler, Miami, Fla., for plaintiffs-appellants.

Douglas J. Chumbley, Miami, Fla., David M. Heilbron, San Francisco, Cal., for defendant-appellee.

Before KRAVITCH, JOHNSON and CLARK, Circuit Judges.

CLARK, Circuit Judge:

In the summer of 1980, Jonathan and Brenda Reisman purchased from General Motors (GM) two twin diesel engines for their yacht. On June 13, 1986, after experiencing repeated oil problems with the engines, the Reismans filed suit against GM, alleging that GM had been negligent and had breached its contract and warranty. The district court dismissed all three counts of the Reismans' complaint, holding that under Florida law economic damages could not be recovered in a negligence action and that the breach of contract and breach of warranty claims were barred by the applicable statute of limitations. The Reismans now appeal the district court's ruling on the breach of warranty and breach of contract claims.[1] Because it is not clear from the face of the complaint that the Reismans discovered or should have discovered that the engines were defective prior to the limitations period, we reverse and remand.

## I.

In the fall of 1980, the Reismans noticed that the GM engines they had purchased a few months earlier were consuming abnormally large quantities of oil. They reported the problem to Key Power, GM's authorized representative in Miami. On several occasions Key Power sent mechanics to correct the problem. When the mechanics were unable to significantly reduce the oil consumption, Key Power told the Reismans that the problem would dissipate after the engines ran for several hundred hours. Complaint at ¶ 7. Contrary to Key Power's representations, oil consumption increased as the engines accumulated additional

---

1. The Reismans have not appealed the dismissal of their negligence claim.

hours of operation. *Id.* at ¶ 8.[2] After repeated complaints of abnormally high oil consumption, Key Power requested that the Reismans keep a log of the amount of oil used by the engines during one hundred hours of operation, and the Reismans complied with the request. The logs kept by the Reismans, which documented continued high oil consumption, were lost by Key Power. *Id.* at ¶ 9.[3]

By August of 1983, the engines had operated for approximately three hundred and seventy five hours, and the oil consumption problem had worsened. At that time, Key Power overhauled the engines because one of its mechanics reported that the pistons were pumping oil out of the liner ports. *Id.* at ¶ 10. The overhaul did not solve the oil problem; the engines continued to malfunction. *Id.* at ¶¶ 13–15. In May of 1986, GM's regional service manager told the Reismans that neither GM nor Key Power could repair the engines because they did not know what was wrong with them. *Id.* at ¶ 16.

## II.

### A.

■ Except in matters governed by the federal Constitution or by acts of Congress, federal courts in diversity cases must apply the law of the forum state, including its statute of limitations. *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 110–11, 65 S.Ct. 1464, 1470–71, 89 L.Ed. 2079 (1945); *Dade County v. Rohr Industries, Inc.,* 826 F.2d 983, 987 (11th Cir.1987). Both the Reismans and GM agree that Florida law applies in this case and that the breach of warranty and breach of contract claims are governed by Fla.Stat.Ann. § 95.11(2)(b) (West 1982), which sets a five-year statute of limitations for legal or equitable actions on contracts,

obligations, or liabilities founded on written instruments.

"As a general rule, a statute of limitations begins to run when there has been notice of an invasion of legal rights or a person has been put on notice of his right to a cause of action." *Kelley v. School Board of Seminole County,* 435 So.2d 804, 806 (Fla.1983). In a breach of warranty case such as this one,[4] the limitations period began to run when the Reismans "first discovered or reasonably should have discovered the defect constituting the breach of warranty." *Creviston v. General Motors Corp.,* 225 So.2d 331, 333 (Fla.1969). The Reismans, however, cannot rely on their lack of knowledge of the specific cause or nature of the defect to protect them from the running of the limitations period. *Kelley,* 435 So.2d at 806–07. Because the Reismans filed suit on June 13, 1986, their claims are barred by § 95.11(2)(b) if they discovered or should have discovered that the engines were defective prior to June 13, 1981. The district court, relying on the Reismans' allegation that the engines were consuming abnormally large quantities of oil in the fall of 1980, *see* Complaint at ¶ 7, held that the claims were time-barred because it was undisputed that the Reismans knew that there was a problem with the engines prior to June 13, 1981. Supp. Record at 26–27.

### B.

■ Under Florida law, the statute of limitations is an affirmative defense which cannot be raised in a motion to dismiss unless "the complaint affirmatively and clearly shows the conclusive applicability" of the defense to bar the action. *Evans v. Parker,* 440 So.2d 640, 641 (Fla.Dist.Ct. App.1983); Fla.R.Civ.P. 1.110(d). Ordinarily, the question of when a person discover-

---

**2.** It is unclear from the complaint when Key Power's mechanics attempted to correct the oil consumption problem or when Key Power told the Reismans that the engines' oil consumption would return to normal after several hundred hours of operation.

**3.** It is unclear from the complaint when the engines completed the several hundred hours of

operation recommended by Key Power or when Key Power asked the Reismans to keep the log.

**4.** The Reismans' breach of contract claim is essentially a breach of warranty claim. *See* Complaint at ¶¶ 21–24 (alleging that GM breached an agreement to repair any defects in the engines and replace any defective parts).

292

ed or should have discovered that he had a cause of action is one of fact for the jury. *Board of Trustees of Santa Fe Community College v. Caudill Rowlett Scott, Inc.,* 461 So.2d 239, 243 (Fla.Dist.Ct.App.1984) (citing cases); *Perez v. Universal Engineering Corp.,* 413 So.2d 75, 77 (Fla.Dist. Ct.App.1982), *remanded,* 451 So.2d 463 (Fla.1984). If the complaint, read in the light most favorable to the Reismans, did not conclusively show that the Reismans knew or should have known of the engines' defect prior to June 13, 1981, the district court erred in dismissing the breach of warranty and breach of contract claims.

For several reasons, we disagree with the district court's conclusion that the complaint conclusively showed that the Reismans' claims were barred by § 95.11(2)(b). First, the fact that the Reismans were aware of high oil consumption in the fall of 1980 does not necessarily mean that they discovered or should have discovered at that time that there was a defect that breached the warranty. As the Reismans argue in their brief, it may be that it is not uncommon for diesel boat engines to consume abnormally large quantities of oil during their break-in period.[5] Second, Key Power's assurances that oil consumption would return to normal after the engines ran for several hundred hours might have allayed whatever doubts the Reismans had

about the structural integrity of the engines.[6] Third, it is unclear from the complaint when Key Power's mechanics first attempted to fix the engines, when the Reismans ran the engines for several hundred hours pursuant to Key Power's instructions, and when the Reismans kept the log which showed continued high oil consumption. At what time the Reismans discovered or should have discovered the defect may well turn on when those events took place.

We express no views on the merits of the statute of limitations issue. We simply find that the complaint, viewed in the light most favorable to the Reismans, does not conclusively demonstrate that the engines' defect was or should have been discovered by the Reismans prior to June 13, 1981. *Cf. Kelly Tractor Co. v. Gurgiolo,* 369 So.2d 992, 992 (Fla.Dist.Ct.App.1979) (suit filed in 1976 for breach of warranty involving boat engines was barred by four-year statute of limitations where evidence at trial showed that plaintiff began experiencing "significant mechanical difficulties" with engines in 1968 and had experienced three and one-half years of chronic breakdowns by 1972).[7]

Although the question of when a plaintiff knew or should have known that a product was defective is ordinarily left to the jury, we do not mean to imply that this case must go to trial. It is possible that

---

5. We express no view on whether this assertion is correct. In the posture of this case, the possibility that it may be correct is sufficient to cast some doubt on the district court's conclusion that the Reismans were clearly aware of a problem in the fall of 1980.

6. In *Kelley v. School Board of Seminole County,* 435 So.2d at 805–07, the Florida Supreme Court rejected the argument that the defendant's attempts to remedy the defect in a product tolled the statute of limitations. *Kelley,* however, did not involve the question of when the plaintiff discovered or should have discovered the existence of a defect. *Id.* at 806 n. 3. In our view, *Kelley* does not stand for the proposition that a defendant's assurances that a product is not defective cannot be taken into account in determining when a plaintiff discovered or should have discovered the defect which breached the warranty.

7. "Roof-leak" cases like *Kelley v. School Board of Seminole County,* 435 So.2d 804, 806 (Fla. 1983) and *Havatampa Corp. v. McElvy, Jennew-*

*ein, Stefany & Howard, Architects/Planners, Inc.,* 417 So.2d 703, 704 (Fla.Dist.Ct.App.1982), which hold that the statute of limitations begins to run when the plaintiff has notice of the first leak, are distinguishable from the facts of this case. Unlike leaks, which are necessarily indicative of some type of problem in a roof, an engine's high oil consumption in its first months of use may not be an obvious manifestation of a defect. *Cf. Universal Engineering Corp. v. Perez,* 451 So.2d 463, 467–68 (Fla.1984) (though plaintiffs' diseases were manifest in 1972, it was impossible to tell from the complaint when the plaintiffs knew or should have known that their diseases were occupational in origin because they alleged that the cause of the diseases were not determined until a later, unspecified date); *Board of Trustees,* 461 So.2d at 244 (because leaks in pipes are not necessarily caused by corrosion, it was not clear that limitations period began to run when leaks were first discovered by plaintiff).

the facts critical to the statute of limitations issue can be developed through affidavits submitted in support of, and in opposition to, a motion for summary judgment and that the issue can be resolved prior to trial. *See Steiner v. Ciba–Geigy Corp.*, 364 So.2d 47, 50 (Fla.Dist.Ct.App.1978) (when it appears without genuine issue of material fact from the defendant's summary judgment motion that statute of limitations is a bar to action, summary judgment for the defendant is proper unless the plaintiff comes forward with some factual matter to create a genuine issue of fact). *Cf. Board of Trustees*, 461 So.2d at 244 (because leaks are not necessarily caused by the corrosion of pipes, it was not clear that the limitations period began to run when the plaintiff first discovered the leaks, and summary judgment in favor of the defendant on the statute of limitations issue was improper).

### III.

The district court's dismissal of the Reismans' breach of contract and breach of warranty claims is reversed. The case is remanded for proceedings consistent with this opinion.

REVERSED and REMANDED.