## MILLER v CAPRILES
### Case No. 88-1508-AP
Eighteenth Judicial Circuit, Brevard County
October 13, 1988

### APPEARANCES OF COUNSEL

**Vincent G. Torpy, Jr.,** for appellant.

**Edward J. Richardson,** for appellee.

Before JACKSON, JAMIESON, MOXLEY, JJ.

### OPINION OF THE COURT

PER CURIAM.

The Plaintiff below, Appellee here, sued the Defendants below, Appellants here, in 2 Counts. Count I charges the Defendants with misrepresentation as to the initial construction of the residential dwelling purchased by Plaintiff from Defendants in 1978, with Plaintiff acquiring sole interest in the subject property in 1979; and it also charges the Defendants with misrepresentation as to the repair of the building in 1982 for defects detected in 1981. Count II of the Com-

plaint charges the Defendants with negligent design and construction of the building and asserts that the same gives rise to a continuing duty on the part of the Defendants to correct and repair such defects. Evidence was admitted in the trial justifying a finding by the Trial Court that there was negligence in the design and construction of the building in 1978 giving rise to a latent defect not discovered by the Plaintiff until 1981, and the further finding that the Defendants negligently repaired such defect in 1982 with the poor repair job being latent and first manifesting itself in December of 1985.

In effect at all material times was Section 95.11(3)(c), Florida Statutes, which provided for a 4 year statute of limitation for a cause of action based on the design or construction of the subject building, with the time of the running of the statute of limitations to commence when the defect is discovered or should have been discovered in the exercise of due diligence. Rule 1.190(b), Fla.R.Civ.P., supports a finding that the pleadings of the Plaintiff were amended to conform to the evidence thereby predicating causes of action for negligent design/construction and negligent repair of the defects caused by the poor design/construction.

Evidence was presented by the Plaintiff at trial that it now costs $4,180.80 to repair the exterior of the building and $1,000.00 to repair the interior of the building for all damages caused by the negligent design and construction of the building and the negligent repair of the building.

The evidence supports the Trial Court's finding that the defects were latent as to the negligent design and construction of the building until 1981, and the negligence as to the repair of the building was latent until December of 1985.

Since the statute of limitation had run prior to the filing of this action on the negligent design/construction of the building, the Plaintiff can have no recovery as to same. Though counsel for the respective parties in presenting the case to the Trial Court talked in terms of a present responsibility of the Defendants for the defective design/construction and the defective repair and the Trial Court couched some of its findings in those terms, the Trial Court also specifically determined as follows:

> "After that he repaired it, the repair was either done improperly or insufficiently. And then again within a short period of time it started falling apart. These were latent defects, and the Plaintiff does have a right to proceed as she has."

The Defendants owed a duty to exercise reasonable care in repairing

51

the building in 1982, regardless whether they were paid for such repairs or not. The conduct of the Defendants in the repair fell below this standard of care. When Plaintiff brought her action for the negligent repair, the same was within the 4 year statute of limitation. Since the evidence presented to the Trial Court on damages did not differentiate between damages related to the negligent repair compared with damages related to the design/construction, the case must be remanded to the Trial Court for an evidentiary hearing on that subject. Doing the repairs improperly in 1982 may have enhanced the repair costs and damages to the Plaintiff for which enhancement the Defendants should be held responsible. On the other hand, the repair costs at the present time may be exactly the same or less than the repair costs in 1982 to correct the original design/construction defect, in which event the Plaintiff would not be entitled to any recovery. The case of *Kelley v School Board of Seminole County,* 435 So.2d 804 (Fla. 1983) is distinguished on the basis that there was no evidence of a separate cause of action for negligent repair asserted against the Defendant Kelley. The cause of action was for negligent design/construction of the subject buildings and a determination that interim efforts at repair did not keep the original cause of action from being barred by the applicable statute of limitations.

The decision of the Trial Court is affirmed in part, reversed in part and remanded for subsequent proceedings in accordance with this opinion.

JACKSON, EDWARD M., JAMIESON, FRANCES ANN, MOXLEY, JOHN DEAN, JR., concur.