COBB, Judge.
The principal issue posed by this appeal is whether or not the plaintiff, Lewis Kling, was barred from recovery against Mercedes Benz of North America, Inc., because of the provisions of section 681.104(5)(a), Florida Statutes (1985):
“(5)(a) Any action brought under this chapter shall be commenced within 6 months following expiration of the terms, conditions, or limitations of the express warranty or within 18 months following the date of original delivery of the motor vehicle to a consumer, whichever is earlier, ...”
The facts adduced below show that Kling took delivery of a 1986 Mercedes Benz from the dealer on December 13,1985. He immediately began experiencing vibration problems with it. Over twenty service visits for repairs were unavailing. The last servicing was on July 26, 1987. On September 3, 1987, Kling filed an action for damages, including a count under Chapter 681, Florida’s “lemon law,” which provides for an award of attorney’s fees to a consumer who “finally prevails in any action brought under this chapter.” See § 681.104(5)(b), Fla.Stat. (1985).
Mercedes Benz raised the affirmative limitation defense, and Kling filed a reply thereto, asserting estoppel in that he had been given assurances that the problem would be repaired. Ultimately, the trial court granted Kling’s motion for summary judgment on the issue of liability and denied that of Mercedes Benz in respect to its affirmative defense. Attorney’s fees were assessed against Mercedes Benz and it appeals. We reverse.
Kling’s reliance on the “continuous treatment” doctrine is misplaced, given the rejection of that doctrine by the Florida Supreme Court in Kelley v. School Board of Seminole County, 435 So.2d 804 (Fla. 1983). The continuous treatment doctrine is analogous to continuing negotiations, as we held in Brogan v. Mullins, 452 So.2d 940 (Fla. 5th DCA 1984), petition for review dismissed, 464 So.2d 555 (Fla.1985). See also City of Brooksville v. Hernando County, 424 So.2d 846 (Fla. 5th DCA 1982). We also stated in Brogan that mere negotiations, absent fraud or misrepresentation inducing reliance, do not toll the running of a statute of limitations.
We cannot accept the trial court’s artificial distinction between consumer cases and construction litigation as a basis for circumventing Kelley. Nor can we find any record support for a finding of estop-pel against Mercedes Benz based upon false representation, concealment of material fact, or other estoppel factors set forth *796 in Rinker Materials Corp. v. Palmer First National Bank and Trust Company of Sarasota, 361 So.2d 156 (Fla.1978). In point of fact, the trial court did not predicate its ruling on any such misconduct by Mercedes Benz but, rather, focused on the nature of the parties, in effect holding that a consumer under Chapter 681 is not bound by an applicable statute of limitations in the same manner as was the owner-client in Kelley.
We find that the trial court erred in granting summary judgment for Kling and in denying summary judgment to Mercedes Benz based upon its affirmative defense. This renders moot the attorney’s fee issue.
REVERSED.
COWART and GOSHORN, JJ., concur.