789 So.2d 392 (2001)
PERFORMING ARTS CENTER AUTHORITY d/b/a Broward Center for the Performing Arts, Appellant,
v.
The CLARK CONSTRUCTION GROUP, INC. f/k/a The George Hyman Construction Company, Benjamin Thompson & Associates, P.A., Wentworth Plastering of Boca Raton and Employers Insurance of Wausau, Appellees.
No. 4D00-2890.
District Court of Appeal of Florida, Fourth District.
May 9, 2001.
Rehearing Denied July 13, 2001.
*393 Edward A. Dion, Broward County Attorney, and Andrew J. Meyers and Tamara M. Scrudders, Assistant County Attorneys, Fort Lauderdale, for appellant.
Hinda Klein of Conroy, Simberg & Ganon, P.A., Hollywood, for Appellee Wentworth Plastering.
William C. Davell and Carolyn B. Frank of May, Meacham & Davell, P.A., Fort Lauderdale, for Appellee The Clark Construction Group, Inc.
GUNTHER, J.
Performing Arts Center Authority (PACA), d/b/a Broward Center for the Performing Arts, timely appeals an order granting a final summary judgment for the Defendants, Clark Construction Group, Inc. (Clark) and Wentworth Plastering of Boca Raton (Wentworth), on a complaint that arose out of a latent construction defect. We reverse.
PACA hired Clark to construct the Broward Center for the Performing Arts (the Center). Clark subcontracted the exterior stucco and plaster work with Wentworth. Construction was completed in 1991 and PACA took occupancy shortly thereafter.
In February 1995, the maintenance manager for the Center discovered a puddle of water on the floor in the north east corner of the mezzanine level. Believing a roof leak caused the water intrusion, the manager initially called the roofing contractor who inspected the roof and reported that the leak was caused by cracks in the exterior stucco. This report prompted the maintenance manager to conduct a survey of the entire exterior wall system. The manager's inspection revealed 12 cracks in the north east corner of the Center. The manager characterized these cracks as minor and after making this discovery, he contacted Wentworth who told him that the cracks in the stucco were the result of the building's natural settling process.
In June of 1995, the Center manager contracted with a building diagnostic company to provide painting specifications for the regularly scheduled painting of the stucco. The diagnostic inspection revealed problems with the exterior stucco that would prevent repainting at that time.
*394 In August 1995, after unusually heavy summer rains, the Center manager noticed extensive cracking and movement in the exterior walls. A subsequent inspection by an independent firm revealed that in the firm's opinion, the wall system had been improperly designed and constructed.
On May 14, 1999, PACA filed a complaint alleging breach of contract arising from an underlying claim of negligent design and construction against Clark and Wentworth. Ultimately, the trial judge granted summary judgment in favor of Defendants, holding that the four-year period of limitations had expired in February 1999. § 95.11(3)(c), Fla. Stat. (2000).
Defendants contend that notice of a defect occurs at the first sign of building leaks. In support of this, Defendants cite Havatampa Corp. v. McElvy, Jennewein, Stefany and Howard, Architects/Planners, Inc., 417 So.2d 703 (Fla. 2d DCA 1982); Kelley v. School Board of Seminole County, 435 So.2d 804 (Fla.1983); and Conquistador Condominium VIII Ass'n, Inc. v. Conquistador Corp., 500 So.2d 346 (Fla. 4th DCA 1987). At the most, we may construe this line of "roof leak" cases to hold "when newly finished roofs leak it is not only apparent, but obvious, that someone is at fault." Kelley v. School Bd. of Seminole County, 435 So.2d 804, 806 (Fla. 1983.) We construe none of these cases to hold that in all construction disputes notice attaches the instant a plaintiff discovers any leak in a building.
More analogous to this case is Board of Trustees of Santa Fe Community College v. Caudill Rowlett Scott, 461 So.2d 239 (Fla. 1st DCA 1984.) In Caudill, the court addressed latent defects in an underground piping system. Id. at 241. The leaks in the pipes were first discovered shortly after completion of construction and the plaintiff initially attributed them to causes other than a systemic defect. Id. It was not until years later that the plaintiff discovered that the contractor had improperly buried the pipes in clay causing them to corrode. Id. Because the defects in the pipes were not obvious defects, but could have been due to causes other than the defect sued upon, the court found that the plaintiff in that case did not have notice as a matter of law. See id. at 244.
In sum, we conclude that where there is an obvious manifestation of a defect, notice will be inferred at the time of manifestation regardless of whether the plaintiff has knowledge of the exact nature of the defect. See Kelley, 435 So.2d at 806. However, as in this case, where the manifestation is not obvious but could be due to causes other than an actionable defect, notice as a matter of law may not be inferred. See Caudill, 461 So.2d at 244.
Because we may not infer notice as a matter of law in this case, the question becomes an objective question of whether the facts and circumstances were sufficient to put PACA on notice that a cause of action existed. See id. Thus, summary judgment was improper.
REVERSED AND REMANDED.
DELL and KLEIN, JJ., concur.