813 So.2d 213 (2002)
Bruce SNYDER, Appellant,
v.
Reinardo A. WERNECKE and Kathleen Wernecke, Appellees.
No. 4D01-1042.
District Court of Appeal of Florida, Fourth District.
April 3, 2002.
*214 Robert Garven, Coral Springs, and Eugene Lewis of Eugene Lewis, P.A., Sunrise, for appellant.
Roderick V. Hannah of Becker & Poliakoff, P.A., Fort Lauderdale, for appellees.
STEVENSON, J.
Reinardo and Kathleen Wernecke purchased a house from Bruce Snyder, the builder and owner, and later discovered that the foundation beneath the house was to a large degree "muck." The Werneckes filed suit, and after a non-jury trial, the *215 trial judge entered judgment against Snyder, ordering him to pay damages in the amount of $70,000. We affirm.
The Werneckes purchased the single-family residence located in Davie, Florida, from Snyder in 1983 for $81,000. Snyder built the home in 1970 but was not a licensed builder. After Snyder finished the house, he obtained a certificate of occupancy, although he did not move into the house himself but, rather, rented it out until 1983, at which time he sold it to the Werneckes. Reinardo Wernecke first noticed cracks in the house in 1989 or 1990. He told Snyder about the cracks, and Snyder told him it was just mere settlement and that it happens everywhere. The cracks got worse in 1995 or 1996, and, in 1996 or 1997, Wernecke hired the Professional Engineering and Inspection Company (PEICO) to do soil tests to determine the cause of the settlement. The borings showed that the ground beneath the house was loose sand, marl, and muck. The Werneckes filed suit on December 22, 1997, alleging (1) fraud, (2) breach of warranty of habitability, (3) violation of building code, (4) rescission, and (5) unjust enrichment.
After a non-jury trial, the trial judge ruled in favor of the Werneckes, stating:
The main issue is whether the foundation was properly prepared before building. It was well established that the Defendant knew there was muck in the area. The Defendant had built other houses in the area and encountered muck. The Defendant had a bulldozer push the muck out of the pit area on which he was going to pour his foundation. He had the area filled to his footer, but it is not clear whether he compacted the area properly, if he did it at all. The bottom line is that the Defendant knew there was muck in the area, knew the dangers of building over muck, and by this Court's findings, did not properly prepare his foundation area. His knowledge that there was muck, required the Defendant to do more than just "surface" the area. He should have had borings, done soil evaluations and made sure the demucking process was more tha[n] just a surface preparation.
Snyder contends that the Werneckes' claims should be barred by either the fifteen-year statute of repose or the four-year statute of limitations found in section 95.11(3)(c), Florida Statutes (2000), which governs actions founded on the "design, planning, or construction" of an improvement to real property. On the other hand, the Werneckes argue that the applicable statute of limitations is that found in section 95.11(3)(j) for actions founded on fraud, and which contains no repose period. Section 95.11(3) provides in part that:
Actions other than for recovery of real property shall be commenced as follows:
. . . .
(3) WITHIN FOUR YEARS.
(a) An action founded on negligence.
. . . .
(c) An action founded on the design, planning, or construction of an improvement to real property.... In any event, the action must be commenced within 15 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest.

*216 . . . .
(j) A legal or equitable action founded on fraud.
We agree with the Werneckes. In the Werneckes' multi-count complaint, Snyder was sued in his capacity both as builder of the home and as owner/seller. As the builder, the gravamen of the complaint was that Snyder knew that the foundation was inadequate and built the home without proper preparations. As owner/seller, the basis of the complaint was that Snyder knew of the defective foundation and failed to disclose this latent defect to the Werneckes when he sold them the house. Although the trial judge's final order does not specify the legal theories on which the judgment was based, the trial judge's findings of fact support the Werneckes' fraud claim against Snyder in his role as owner/seller. See Nystrom v. Cabada, 652 So.2d 1266, 1268 (Fla. 2d DCA 1995)(holding that seller who knew or should have known of structural defects in house had a duty to disclose them to purchaser)(citing Johnson v. Davis, 480 So.2d 625 (Fla.1985)). Thus, even if the improper construction claim against Snyder, as builder, would have been barred by section 95.11(3)(c)'s repose period, the fraud claim against Snyder, as owner and seller, was still viable.
The limitations set forth in section 95.11(3)(c) was a clear attempt by the legislature to protect engineers, architects and contractors from stale claims.[1]See Suntrust Banks of Fla., Inc. v. Don Wood, Inc., 693 So.2d 99, 102 (Fla. 5th DCA 1997). Here, Snyder seeks to interpose his statutory protections as a builder to preclude an otherwise timely fraud claim filed against him in his separate and distinct capacity as owner/seller. Snyder, however, presents no authority for this position. We find that the applicable statute of limitations for the Werneckes' fraud claim is that found in section 95.11(3)(j), which, as previously noted, contains no limiting repose period.
We next turn to Snyder's argument that an applicable four-year statute of limitations bars the Werneckes' claims, whether under section 95.11(3)(c) or (j). As a general rule, a statute of limitations begins to run when there has been notice of an invasion of legal rights or a person has been put on notice of his right to a cause of action. See City of Miami v. Brooks, 70 So.2d 306 (Fla.1954). The Werneckes filed suit on December 22, 1997, and, therefore, the four-year statute of limitations in section 95.11(3)(j), once triggered, would have extended back to no later than December 1993. The Werneckes claim they did not discover that they had a cause of action for the latent defect in the construction of their home until 1996 or 1997, when PEICO informed them that the settlement damage to their home was caused by it being built on muck. Snyder contends that the Werneckes *217 were put on notice when they first noticed the cracks in 1989 or 1990.
While some cases involving construction-type defects have held that notice occurs as a matter of law at the first sign of the defect, see Kelley v. Sch. Bd. of Seminole County, 435 So.2d 804 (Fla. 1983); Conquistador Condo. VIII Ass'n v. Conquistador Corp., 500 So.2d 346 (Fla. 4th DCA 1987); Havatampa Corp. v. McElvy, Jennewein, Stefany & Howard, Architects/Planners, Inc., 417 So.2d 703 (Fla. 2d DCA 1982), this court has distinguished those line of cases as "roof leak" cases, stating that they only hold that "`when newly finished roofs leak it is not only apparent, but obvious, that someone is at fault.'" Performing Arts Ctr. Auth. v. Clark Constr. Group, Inc., 789 So.2d 392, 394 (Fla. 4th DCA 2001)(quoting Kelley, 435 So.2d at 806). In Clark Construction, this court relied on Board of Trustees of Santa Fe Community College v. Caudill Rowlett Scott, Inc., 461 So.2d 239, 244 (Fla. 1st DCA 1984), review denied, 472 So.2d 1180 (Fla.1985), to find that "where the manifestation [of the defect] is not obvious but could be due to causes other than an actionable defect, notice as a matter of law may not be inferred." 789 So.2d at 394.
Here, we find that the small cracks found by the Werneckes in 1989 or 1990, like the defects in Clark Construction and Caudill, were not sufficient to put them on notice because they could have been due to causes other than those sued upon. Consequently, we find that the trial judge did not err in concluding that the four-year statute of limitations did not bar the Werneckes' claims against Snyder. The evidence presented at trial supported the finding that the Werneckes did not have notice of a defective condition in their home until 1995 or 1996, when they observed large cracks and major settlement of the house. Since the lawsuit was filed in 1997, less than four years from the date the Werneckes first learned of the defective conditions, it was timely filed.
We have considered the other issues raised in this appeal and find no error. The judgment on review is, accordingly,
AFFIRMED.
STONE, J., and CLARK, NIKKI ANN, Associate Judge, concur.
NOTES
[1] The preamble to section 95.11(3) provides in part:

WHEREAS, architects, engineers, and contractors of an improvement to real property may find themselves named as defendants in a damage suit many years after the improvement was completed and occupied, and
WHEREAS, to permit the bringing of such actions without any limitations as to time, places the defendant in an unreasonable, if not impossible, position with respect to asserting a defense, and
. . . .
WHEREAS, the best interest of the people of the state will be served by limiting the period of time an engineer, architect, or contractor may be exposed to potential liability after an improvement has been completed....
Ch. 80-322, at 1390, Laws of Fla. (emphasis added).