884 So.2d 282 (2004)
Gary WISHNATZKI, Appellant,
v.
COFFMAN CONSTRUCTION, INC., a Florida corporation; G. Fernandez Designer, Inc., a dissolved Florida corporation; and Gabriel Fernandez, an individual, Appellees.
No. 2D03-4127.
District Court of Appeal of Florida, Second District.
August 13, 2004.
*283 William F. Merlin, Jr., and Mary E. Kestenbaum, Tampa, for Appellant.
Charles W. Hall and Mark D. Tinker of Fowler White Boggs Banker P.A., St. Petersburg, for Appellee Coffman Construction, Inc.
No appearance for remaining Appellees.
WALLACE, Judge.
Gary Wishnatzki (the Homeowner) appeals the dismissal with prejudice of his complaint against Coffman Construction, Inc. (the Builder), which sought damages resulting from alleged defects in the construction of his house. The circuit court ruled that the statute of limitations barred the Homeowner's claims. Because the facts pleaded in the complaint do not conclusively establish that the claims are barred as a matter of law, we reverse.

Facts and Proceedings
On January 10, 2003, the Homeowner filed a four-count complaint against the Builder, alleging fraudulent misrepresentation, breach of contract, negligence, and a violation of Florida's Unfair and Deceptive Trade Practices Act.[1] The Homeowner alleged that in 1987, he and his family moved into the home that he had engaged the Builder to construct in the Avila neighborhood of Tampa. "From 1988 until *284 1999," the Homeowner "experienced numerous problems with the roof of the Premises." On those occasions, the Builder "performed corrective work that was limited to the roof" but "did not inform the [Homeowner] of any other problems inherent with the design or construction of the Premises." In July 2001, the Homeowner engaged another company to perform corrective work on the roof.
At about this same time, the Homeowner "began noticing rotting of several of the Premises' wooden window frames." To replace the rotting wood around the windows, the Homeowner engaged a third company, which discovered that "much of the internal structure of the Premises had been damaged by water intrusion that had penetrated the walls of the Premises from several different entry points." The water intrusion was the result of poor construction methods, which included
applying stucco in an unorthodox manner, installing gutters before putting on the stucco, lack of proper sealant between the stucco and the plywood, extremely poor use of the flashing around the dormers of the Premises, lack of sufficient sealant or bonding around the critical wall junctures, installation of wood columns that improperly extended below the grade of the structure, and general defective workmanship and/or design which fails to comply with accepted design and construction standards aimed at preventing an ongoing source of water intrusion into the interior structures of the Premises.
In addition, further examination of the home "revealed that some of the material used in the construction of the Premises did not conform with the materials that were specifically provided for in the plan specifications," such as "the use of galvanized steel material for the gutters instead of the specified Copper material." Ultimately, the repeated water intrusions into the home's structure led to the presence of "high and dangerous levels" of toxic mold.
The Builder moved to dismiss the complaint on the ground that the four-year limitations period provided by section 95.11(3)(c), Florida Statutes (1987), commenced to run in 1988 when the Homeowner experienced "numerous problems with the roof" and thus knew or should have known of the construction defects on which his complaint was founded. The circuit court agreed that the Homeowner discovered "the latent defect" in 1988, and it dismissed the complaint with prejudice on the authority of Kelley v. School Board of Seminole County, 435 So.2d 804 (Fla. 1983).

Law and Analysis
In pertinent part, section 95.11(3)(c) provides a four-year statute of limitations applicable to an action founded on the construction of an improvement to real property. "[W]hen the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence."[2]
Dismissing the complaint with prejudice, the circuit court relied on Kelley, 435 So.2d 804, in which the roofs of three new elementary school buildings began to leak shortly after completion of construction, but the school board did not file suit until at least seven years after the leaks began. Our supreme court held that when the roofs started leaking, "the school board had knowledge of the defective roofs sufficient to put it on notice that it had, or *285 might have had, a cause of action." Id. at 806. Therefore, summary judgment was properly entered against the school board because "[w]hen a newly finished roof leaks it is not only apparent, but obvious, that someone is at fault." Id. (approving Havatampa Corp. v. McElvy, Jennewein, Stefany & Howard, Architects/Planners, Inc., 417 So.2d 703 (Fla. 2d DCA 1982)). Kelley stands for the rule that "where there is an obvious manifestation of a defect, notice [as a matter of law] will be inferred at the time of manifestation regardless of whether the plaintiff has knowledge of the exact nature of the defect." Performing Arts Ctr. Auth. v. Clark Constr. Group, Inc., 789 So.2d 392, 394 (Fla. 4th DCA 2001) (distinguishing Kelley, Havatampa, and Conquistador Condo. VIII Ass'n v. Conquistador Corp., 500 So.2d 346 (Fla. 4th DCA 1987)).
In this case, then, what may be inferred as a matter of law from the Homeowner's discovery of "problems with the roof" regarding his notice of actionable defects? Certainly, a leaky roof implies notice of the actionable defect that caused the roof to leak because no nonactionable defect could be the culprit. Cf. Clark Constr., 789 So.2d at 394 (holding that "where the manifestation is not obvious but could be due to causes other than an actionable defect, notice as a matter of law may not be inferred"; citing Bd. of Trustees of Santa Fe Cmty. College v. Caudill Rowlett Scott, Inc., 461 So.2d 239 (Fla. 1st DCA 1985)). But what of other manifestations of conceivably unrelated problems with conceivably unrelated causes? The complaint alleged that the discovery of rotting wood around the windows led to an awareness that water had intruded through the exterior walls at several entry points. Among the causes of these other water intrusions were "applying stucco in an unorthodox manner" and "installation of wood columns that improperly extended below the grade of the structure." In addition, the complaint alleges that the Builder improperly substituted construction materials. The complaint does not address the issue of whether all of the construction problems resulted from one defect or from two or more unrelated defects that the Homeowner may have noticed at different times.
Ordinarily, a statute of limitations may be asserted only as an affirmative defense in a responsive pleading. Levine, Zweibach, Davis, P.A. v. Levine, 734 So.2d 1191, 1195 (Fla. 2d DCA 1999). A motion to dismiss a complaint based on the expiration of the statute of limitations should be granted only in extraordinary circumstances in which the facts pleaded in the complaint conclusively establish that the statute of limitations bars the action as a matter of law. Id.; Alexander v. Suncoast Builders, Inc., 837 So.2d 1056, 1057 (Fla. 3d DCA 2002). Our standard of review is de novo, taking as true the allegations of the complaint and viewing them in a light most favorable to the plaintiff. Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734-35 (Fla.2002). If the alleged circumstances suggest the possibility that the plaintiff "could plead matters in avoidance of the limitations defense[]," dismissal is inappropriate. Levine, 734 So.2d at 1195.
Considering the complaint on its face, we cannot say as a matter of law that the limitations period commenced to run in 1988 when the Homeowner first experienced "problems with the roof." Further facts may or may not establish that other problems around the windows or in the walls constituted unrelated defects of which the Homeowner did not have notice until well after 1988.
Because the facts pleaded in the complaint do not conclusively establish that the *286 claims are barred as a matter of law, dismissal was improper.[3] Instead, the Builder should be required to assert the limitations defense in a responsive pleading. The Homeowner then would be afforded the opportunity to plead facts in avoidance. "With the issues thus framed by the pleadings, the parties could then develop evidence that would permit disposition of the limitations defense[] on motion for summary judgment or at trial." Levine, 734 So.2d at 1195.
Reversed.
FULMER and WHATLEY, JJ., Concur.
NOTES
[1] The Homeowner also asserted two counts against the company that designed the home and the design company's owner individually. These counts are not at issue in this appeal and, insofar as the record reveals, remain pending below.
[2] Relevant portions of section 95.11(3)(c) have remained substantially unchanged at all times relevant to this appeal.
[3] For reasons unnecessary to detail here, the complaint on its face does not conclusively establish the expiration of the statute of repose contained within section 95.11(3)(c). Therefore the order of dismissal may not be affirmed on that alternative ground.