898 So.2d 1120 (2005)
Robin HASKINS, Appellant,
v.
CITY OF FORT LAUDERDALE, Appellee.
No. 4D04-507.
District Court of Appeal of Florida, Fourth District.
March 30, 2005.
*1122 Bruce H. Little of Bruce H. Little, P.A., Fort Lauderdale, for appellant.
Dieter K. Gunther and Alain E. Boileau of Adorno & Yoss, P.A., Fort Lauderdale, for appellee.
SILVERMAN, SCOTT J., Associate Judge.
The plaintiff, Robin Haskins, brought suit against the defendant, City of Ft. Lauderdale, alleging an invasion of privacy and negligent investigation. The trial court granted Defendant's Motion for Final Summary Judgment and Plaintiff appeals. We have jurisdiction.
In July of 1996, Plaintiff worked as a civilian employee in the communications center at the City of Fort Lauderdale Police Department (FLPD). During the course of her employment, the FLPD Office of Internal Affairs received information that Plaintiff was allegedly selling illegal diet pills to various FLPD employees and that she kept the pills in a black duffle bag under her desk.
In response to that information, two FLPD officers searched Plaintiff's office. They found a black duffel bag containing 1800 diet pills containing Mazindol. This discovery led to the FLPD's decision to suspend Plaintiff from her job with pay, pending the outcome of its investigation. The FLPD ultimately discharged Plaintiff.
The State of Florida charged Plaintiff with possession of a controlled substance with intent to sell and/or deliver. Plaintiff's criminal defense attorney filed a motion to suppress the evidence. On October 31, 1997, the trial court granted Defendant's motion and the State of Florida appealed. We affirmed the trial court's decision in State v. Haskins, 719 So.2d 300 (Fla. 4th DCA 1998). Thereafter, the State of Florida nolle prossed the charge against Plaintiff.
On February 16, 1997, pursuant to a collective bargaining agreement, Plaintiff's labor union filed a grievance on her behalf. The grievance protested Plaintiff's termination and requested compensation. In a Memorandum of Understanding between the City and the union, dated February 13, 1998, the union, on behalf of Plaintiff, agreed to "waive any and all rights to claim back pay or benefits ..., which Robin Haskins may have for the period commencing February 17, 1998, through the first day of the arbitration hearing in the case when and if it is rescheduled in the future."
In May of 1999, the parties agreed to resolve Plaintiff's grievance through arbitration. The arbitrator reached a decision in November of that year finding that there "was not just cause for the dismissal of [Plaintiff]" under the terms of the collective bargaining agreement. The arbitrator ordered Plaintiff's reinstatement to her prior position without any back pay, and that she be given a warning to refrain *1123 from the conduct for which she was discharged.
On May 3, 2001, Plaintiff filed a complaint against the defendant, City of Ft. Lauderdale, in the circuit court, alleging an invasion of privacy and negligent investigation. On January 7, 2004, the trial court entered a final summary judgment on all counts in favor of Defendant and against Plaintiff. The trial court explicitly retained jurisdiction "to enforce this judgment and for any motions for taxation of reasonable costs and/or attorney's fees." Plaintiff now pursues this appeal.
Plaintiff submits the trial court erred when it concluded her claims were time barred by Florida's statute of limitations. We disagree with her contention.
In Florida, the statute of limitations period for an invasion of privacy claim and for an action founded on negligence is four years. § 95.11(3), Fla. Stat. (2004). "As a general rule, a statute of limitations begins to run when there has been notice of an invasion of legal rights or a person has been put on notice of his right to a cause of action," Snyder v. Wernecke, 813 So.2d 213, 216 (Fla. 4th DCA 2002). Plaintiff argues that the statute of limitations began to run on October 31, 1997, the day the trial court ruled the search illegal and suppressed the evidence in her criminal case. Plaintiff states that it was on October 31, 1997, that she became aware of a breach of duty, and therefore, the filing of her suit against Defendant on May 3, 2001, is not barred by the four-year statute of limitations.
However, we have held that "mere ignorance of the existence of a cause of action without more will not postpone the operation of the statute of limitations." Dovenmuehle, Inc. v. Lawyers Title Ins. Corp., 478 So.2d 423, 424-25 (Fla. 4th DCA 1985). Absent fraud or concealment on the part of the defendant, the four-year statute of limitations bars an action for invasion of privacy that is commenced more than four years after the invasion, even if plaintiff learns of the invasion less than four years prior to the commencement of the action. Houston v. Florida-Georgia Television Co., 192 So.2d 540 (Fla. 1st DCA 1966).
Plaintiff's invasion of privacy claim accrued on July 18, 1996, the date the two FLPD officers entered Plaintiff's office and searched her bag. It was at the time the officers proceeded to search the bag that Plaintiff was made aware of any alleged intrusion of her privacy. To avoid the application of the statute of limitations, Plaintiff would have had to file her claim no later than July 18, 2000. As her complaint was filed May 3, 2001, it is time barred by the statute of limitations.
In the alternative, Plaintiff avers that the statute of limitations was tolled during the arbitration proceedings. Section 95.051(1)(g), Florida Statutes (2004), provides that the statute of limitations is tolled by "[t]he pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action "(emphasis added). We do not agree with Plaintiff.
A basic canon of statutory interpretation requires us to "presume that [the] legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). "[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Rollins v. Pizzarelli, 761 So.2d 294, 297 (Fla.2000). Additionally, the Florida Supreme Court has also held that "the party seeking to escape the statute of limitations must bear the burden of proving circumstances that *1124 would toll the statute." Landers v. Milton, 370 So.2d 368, 370 (Fla.1979).
Based upon the plain meaning of section 95.051(1)(g), there was no tolling of the statute of limitations unless the arbitration proceeding (a claimed violation of a collective bargaining agreement) pertained to the same dispute that is the subject of the current action (a claimed invasion of privacy and negligent investigation).
Plaintiff's arbitration proceeding did not "pertain to" the subject matter of her present action within the meaning of the statute. The sole issue decided by the arbitrator was whether Plaintiff was justly dismissed from her employment as a civilian employee of the FLPD, and if so, whether there was a remedy. At the arbitration, Plaintiff did not make any references or arguments alleging Defendant's alleged negligent investigation or an invasion of her privacy. Furthermore, the arbitrator made no mention of these allegations in his decision.
We conclude that the arbitrated employment dispute pertained only to the applicable collective bargaining agreement. It did not pertain to Plaintiff's claims of invasion of privacy and negligent investigation, which are the subjects of the current action. Therefore, section 95.051(1)(g) does not operate to toll the applicable statute of limitations, and Plaintiff's claims are time-barred. Accordingly, we affirm the able trial judge's decision that Plaintiff's cause of action is time-barred.
Having decided that Plaintiff's claims are time-barred by the applicable statute of limitations, we must decide whether the trial court erred when it reserved jurisdiction to award attorney's fees. Plaintiff urges that a reservation of jurisdiction is inappropriate and reversible without a specific request by a party, or without a ruling on any motion for attorney's fees. The City requested attorney's fees in its answer to the complaint.
The Florida Supreme Court stated that "a post-judgment motion for attorney's fees raises a `collateral and independent claim' which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality." Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241, 1243 (Fla.1986). Additionally, Florida courts have recognized that the filing of a notice of appeal from a final judgment "does not divest the trial court of jurisdiction to enter attorney's fees orders in the same case." Bernstein v. Berrin, 516 So.2d 1042, 1042 (Fla. 2d DCA 1987). Therefore we hold that the trial court did not err in reserving jurisdiction to award attorney's fees.[1]
Since we have ruled Plaintiff's claims are time-barred, we need not decide her other assignment of error. We find it to be moot.
WARNER and GROSS, JJ., concur.
NOTES
[1] This conclusion should in no way be interpreted as a finding as to an entitlement of attorney's fees. We will leave that matter to the learned trial court judge.