THOMPSON, Judge.
John and Irma Evans, the plaintiffs below, appeal a summary final judgment entered against them. The basis for the trial court’s entry of summary judgment was that the statute of limitations had run as to all counts of the appellants’ complaint. We affirm in part and reverse in part.
In 1972 the appellants purchased a home from the appellees Amos and Doris Almand and Almand Construction Company. The home began settling sometime prior to 1978, resulting in a separation and pulling away of a part of the brick work. In 1978 the appellants complained to appellees about the problems with their home, and in 1979 certain repairs were attempted by the appellees. Appellants contend that as of 1978-1979 they knew their home was settling but did not know the cause of the problem or whether it could be remedied. The 1979 repairs did not cure the problem and the home continued to settle. In 1982 appellants’ insurance company engaged a structural engineer to determine the cause of the settling.
In 1985 appellants filed their initial complaint in this action. According to appellants’ fifth amended complaint they did not know that the cause of the settling of the house was unsuitable fill beneath the house until 1982, when they received the engineer’s report. Only then, they allege, did they learn the problem was permanent and not repairable. In the fifth amended complaint appellants alleged in Count I, negli *486 gence and misrepresentation in the sale of the lot in that the lot was unsuitable for use as a building lot; in Count II, negligence in clearing and preparing the lot prior to any construction; in Count III, negligence in effecting the repairs made in 1979; in Count IV, negligence in attempting to make further repairs in 1982; and in Count V, breach of implied warranty. Count V specifically alleged that after first being put on notice of the defects in their house, appellants did “advise defendant in 1979 and in 1982 of said defects and the structural problems caused by defendants’ breach.”
Appellees filed a motion for summary judgment in which they asserted, inter alia, that all counts of the fifth amended complaint were barred by § 95.11(3)(c), Fla. Stat. because the suit was filed more than four years after appellants discovered and had actual knowledge of the defects. Ap-pellees further asserted that the untimeliness of the suit was shown on the face of the complaint by the express allegations that the appellants were aware of structural defects in 1978. In an affidavit filed with the motion for summary judgment, affiant Amos Almand swore that the appel-lee corporation ceased doing business in 1980 and that at no time after doing the brick repair in 1979 did he or his corporation hear anything from appellants regarding any further need for repairs. He also averred that no work or repairs had been performed by him or his corporation on appellants’ house in 1982.
At the hearing on the motion for summary judgment appellees’ attorney argued that all counts of the complaint, except Count IV alleging negligent repair in 1982, were facially time barred. He further contended that since appellants had failed to refute the affidavit showing that no repairs were made by appellees in 1982 or at any time after 1979, the material allegation of Count IV was disproved and barred. Appellants’ attorney agreed that no repairs had been made in 1982 or at any time after 1979, and agreed that appellants had notice of the defective condition of the house in 1978. However, he argued that the appellants did not have actual knowledge of the substantive cause of the problem until 1982, when they received the engineer’s report showing that the settling and resulting damage to their house was a result of its construction on defective and unsuitable fill. The trial judge found that appellants were on notice of the structural defects in their house in 1978, and granted summary judgment based on the statute of limitations.
We affirm summary judgment in favor of appellees on the counts alleging negligent repair, since the uncontroverted evidence showed that no repairs were performed after 1979 and that the statute of limitations for negligent repair had expired. We reverse the summary judgment in favor of appellees on the remaining counts. Although the appellants admittedly knew as early as 1978 that there were structural problems with the house, they allege they did not know the cause of the settling and cracking. The appellees attempted repairs to correct the structural problems, but were unsuccessful, apparently because the settling was not a result of negligent construction of the house but was caused by the use of unsuitable fill beneath the house, which condition could not be corrected. Because the appellants alleged that the settling and resultant damage to the house was the result of a latent defect (the defective, unstable and unsuitable fill) of which they had no actual or constructive knowledge prior to 1982, the entry of summary judgment on statute of limitations grounds was erroneous.
If the appellants are able to prove their allegations, i.e., if they can prove to the satisfaction of a trier of fact that the damage to their house was caused by a latent defect of which they neither knew nor should have known prior to 1982, the four year statute of limitations will not constitute a bar to their action. Board of Trustees of Santa Fe Community College v. Caudill Rowlett Scott, Inc., 461 So.2d 239 (Fla. 1st DCA), review denied 472 So.2d 1180 (Fla.1985). Summary judgment was therefore improperly entered as to Counts I, II and V.
*487 We reverse the summary judgment entered in favor of appellees on Counts I, II and V, and remand for further proceedings.
SHIVERS and ZEHMER, JJ., concur.