547 So.2d 626 (1989)
ALMAND CONSTRUCTION CO., INC., et al., Petitioners,
v.
EVANS, John A., et Ux., Respondents.
No. 73124.
Supreme Court of Florida.
July 6, 1989.
Rehearing Denied September 8, 1989.
Peter J. Kellogg of Humphries, Kellogg & Oberdier, P.A., Jacksonville, for petitioners.
David B. Lee, Jr. of David B. Lee, Jr., Chartered, Orange Park, for respondents.
EHRLICH, Chief Justice.
We have for review Evans v. Almand Construction Co., 530 So.2d 485 (Fla. 1st DCA 1988), because of conflict with this *627 Court's decision in Kelley v. School Board, 435 So.2d 804 (Fla. 1983). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and quash the decision below.
In 1972, the respondents, John and Irma Evans, purchased a home from the petitioners, Amos and Doris Almand and Almand Construction Company (Almand). The home began settling sometime prior to 1978, resulting in structural damage. In 1978, the Evans notified Almand about the damage. In 1979, Almand attempted to have the damage to the home repaired. The Evans' initial complaint was filed in 1985. The fifth amended complaint alleged the following: count I, negligence and misrepresentation in the sale of the lot which was unsuitable for use as a building lot; count II, negligence in clearing and preparing the lot prior to construction; count III, negligence in making repairs in 1979; count IV, negligence in attempting further repairs in 1982; and count V, breach of implied warranty. Almand filed a motion for summary judgment claiming, among other things, that all counts of the fifth amended complaint were barred by section 95.11(3)(c), Florida Statutes (1977),[1] because the suit was filed more than four years after the Evans discovered and became aware of the defects. In an affidavit filed with the motion for summary judgment, Amos Almand swore that the Almand Construction Co. ceased doing business in 1980, that neither he nor the construction company was notified after 1979 that further repairs were needed, and that no repairs were undertaken in 1982. At the hearing on the motion, the Evans' attorney agreed that no repairs had been made after 1979. He agreed that the Evans had notice of the defective condition of the house in 1978, but argued that the Evans did not have knowledge of the actual cause of the problem until 1982, when they received the report of an engineer retained by their insurance company stating that the settling and resultant damage was caused by construction of the house on unsuitable fill. The trial court granted summary judgment, concluding the Evans were on notice of the structural defects as of 1978.
On appeal, the district court affirmed summary judgment in favor of Almand on the counts alleging negligent repair, since it was uncontroverted that no repairs were performed after 1979 and the statute of limitations for negligent repair had expired. The court reversed the summary judgment on the remaining counts, "[b]ecause the appellants alleged that the settling and resultant damage to the house was the result of a latent defect (the defective, unstable and unsuitable fill) of which they had no actual or constructive knowledge prior to 1982." 530 So.2d at 486. The court reasoned that "[i]f the appellants are able to prove their allegation, i.e., if they can prove to the satisfaction of a trier of fact that the damage to their house was caused by a latent defect of which they neither knew nor should have known prior to 1982, the four year statute of limitations will not constitute a bar to their action." Id.
Almand maintains that actual knowledge of the specific cause of a defective condition is not necessary under this Court's decision in Kelley and argues that the Evans' knowledge of the settling and resultant damage to the house was sufficient to trigger the running of section 95.11(3)(c). Almand also argues that summary judgment was proper because it appears from the face of the complaint that the Evans had knowledge of the unsuitability of the lot at least as early as 1978. We agree that even if knowledge of the specific cause of a defective condition were required before the running of four-year limitations period under section 95.11(3)(c) is triggered, all claims are barred.
The fifth amended complaint contains allegations that "[u]pon taking possession of *628 the premises, [the Evans] discovered ... that the lot which the structure was placed on was not properly prepared to hold and sustain the weight of the single family structure." It further alleges that they notified Almand "in 1978 and 1982 of the structural problems with the home as a result of the lot." In reversing the summary judgment in connection with counts I, II, and V, the district court relied upon purported allegations in the fifth amended complaint that the Evans "did not know that the cause of the settling of the house was unsuitable fill beneath the house until 1982, when they received the engineer's report." The fifth amended complaint contains no such allegations. No affidavits supporting this contention were served in accordance with rule 1.510(c) and (e), Florida Rules of Civil Procedure, and nothing contained in the court file supports it. This was merely the position taken by the Evans' attorney at the hearing on the motion for summary judgment.
As the movant for summary judgment, Almand had the initial burden of demonstrating the nonexistence of any genuine issue of material fact. Almand sustained this burden by demonstrating that on the face of the pleadings the claims were time barred. Landers v. Milton, 370 So.2d 368, 370 (Fla. 1979). It then became incumbent upon the Evans to demonstrate, by affidavit or otherwise, the existence of a genuine issue of material fact. Id. The Evans offered no evidence of circumstances that would toll the statute and nothing in the record supported that conclusion. Because counsel's mere assertion that the Evans were not aware that unsuitable and defective fill was the cause of the structural problems until 1982 was insufficient to create an issue as to whether the statute of limitations was tolled, summary judgment was properly entered. See id. at 370 (It is not sufficient for the party opposing motion for summary judgment to merely assert that an issue does exist.).
Although, on this record, summary judgment was properly entered under the construction of the statute urged by the Evans, to resolve any conflict created by the decision below, we also hold that summary judgment was proper under our decision in Kelley. The Evans are correct that in Kelley we rejected the "continuous treatment" doctrine and specifically noted in footnote 3 that that case did not present the issue of whether the plaintiff had, or should have, discovered the existence of a problem. 435 So.2d 804-05. However, we also approved the second district court of appeal's holding in Havatampa Corp. v. McElvy, Jennewein, Stefany & Howard, Architects/Planners, Inc., 417 So.2d 703, 704 (Fla. 2d DCA 1982), that the plaintiff in that case could not rely on a lack of knowledge of the specific cause of a defect to protect it from the running of section 95.11(3)(c). Id. at 806-07. The Evans' knowledge of the settling of the house and resultant structural damage, which they concede they had as early as 1978, was sufficient to put them on notice that they had, or might have had, a cause of action. This knowledge meets the discovery component of section 95.11(3)(c). Id. at 807.
Accordingly, that portion of the decision below reversing the entry of summary judgment on counts I, II, and V of the fifth amended complaint is quashed.
It is so ordered.
OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Section 95.11(3)(c), Florida Statutes (1977), provides a four-year statute of limitations for

[a]n action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer; except that when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence... .