913 So.2d 400 (2005)
Wanda Terrell BALDWIN and Roy Baldwin, Appellants.
v.
John HOLLIMAN and Board of Supervisors of Lowndes County, Mississippi, Appellees.
No. 2003-CA-02706-COA.
Court of Appeals of Mississippi.
April 26, 2005.
*403 Lynne Christopher, Tupelo, attorney for appellants.
Ellen Ann Black, John W. Crowell, Berkley N. Huskison, Columbus, attorneys for appellees.
Before BRIDGES, P.J., GRIFFIS and ISHEE, JJ.
BRIDGES, P.J., for the Court.
¶ 1. On April 22, 2002, Wanda Terrell Baldwin and Roy Baldwin filed a complaint in the Lowndes County Circuit Court. The Baldwins alleged that John Holliman was negligent in the construction of their home. The Baldwins also sued the Lowndes County Board of Supervisors and claimed that the Board was negligent in inspecting the Baldwins' home and failed to provide adequate drainage of their property. On November 17, 2003, the circuit court issued summary judgment for the Lowndes County Board of Supervisors. The next day, the circuit court issued summary judgment for Holliman. Aggrieved, the Baldwins appeal and seek resolution of the following issues, listed verbatim:
I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS ON THE BASIS THAT THERE EXISTS NO GENUINE ISSUES OF MATERIAL FACTS.
II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS ON THE BASIS OF STATUTE OF LIMITATIONS.
III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE LOWNDES COUNTY ON THE PREMISE THAT APPELLEE LOWNDES COUNTY OWED NO DUTY TO APPELLANTS[.]
Finding no error, we affirm.

FACTS
¶ 2. In 1992, Wanda Terrell Baldwin contracted with John Holliman for construction of a house. The Farmers Home Administration (FHA) financed the new construction. Holliman began construction of the home. On May 22, 1992, the Lowndes County Building Inspection Department (LCBID) inspected the home's slab and issued an inspection report. That document reflected that the slab "passed" inspection. Subsequently, the LCBID inspected the construction twice more, resulting in two more "passing" inspections. After the third and final inspection on August 17, 1992, the LCBID issued its "certificate of occupancy." Afterwards, Wanda began occupying the home. Wanda has consistently alleged that Holliman told her that the home was covered by a ten-year warranty. Though she cannot produce an actual warranty document, the FHA sent Wanda a letter, dated June 9, 1993, titled "Notice of Expiration of First Year Warranty." The letter indicated that the "first year warranty" was the first year of a ten-year warranty. Additionally, counsel for the Baldwins received a letter dated July 19, 2001, from Glendal E. Reid, the community development manager for the Department of Agriculture.
¶ 3. The Baldwins report that representative from Lowndes County examined their property to determine the cause of flooding. One representative concluded that altering the culvert would solve the problem. Another representative determined that the County could not remedy the situation due to the natural run of the surface water.
¶ 4. In 2000, the Baldwins reportedly noticed water seeping through the floor of *404 their home. The Baldwins contacted their insurer, Mississippi Farm Bureau (MFB). MFB hired American Leak Detection Company to determine the cause of the water problems. American Leak concluded that the surface drainage pattern of the property directed water towards the home, rather than away from the foundation. Further, that the low elevation of the house, a substandard vapor barrier under the slab, use of surrounding lot material without compaction at the base of the slab, and the grade of the earth around the foundation being above the floor line were also causes.
¶ 5. Samuel L. Jaynes of Continental Engineering Service of Mississippi inspected the property. Jaynes found (a) that the lot lies mostly in a flood plain or floodway, (b) the lot grading is insufficient to drain water away from the house, (c) a large portion of the lot stands in a wetland (d) the moisture barrier is substandard, (e) the material beneath the slab is pit run gravel, an insufficient material because of inferior internal drainage, (f) the route of drainage from the drainage area had been changed, (g) a drain was clogged, forcing water to run south in a westerly ditch, (h) spillover causes more water to run against the home, (i) the lot does not meet building codes regarding drainage, wetlands, and septic systems, (j) if water did not stand in the ditch, the home might not have water seeping through the floor, substandard vapor barrier notwithstanding, and finally (k) a combination of the listed errors and omissions caused the problems.

PROCEDURAL HISTORY
¶ 6. On April 22, 2002, Wanda and her husband, Roy Baldwin, filed a complaint in the Lowndes County Circuit Court. Within their complaint, the Baldwins allege that Holliman "in failing to properly manufacture and construct the residence, breached both expressed and implied warranties" that Holliman owed the Baldwins in constructing their home. The complaint also alleged that the Baldwins' home was "poorly constructed with latent defects." Other complaints were that Holliman "warranted that the home was built in a workmanlike manner and that it was suitable for habitation" and that Holliman "was negligent in the construction of the home."
¶ 7. The Baldwins' complaint details a non-exclusive list of alleged defects in the home, including a "substandard vapor barrier under the slab, building the home on low ground and improperly graded ground that does not promote drainage, the use of surrounding lot material without compaction as a base for the slab and the grade of the earth around the foundation ... is above the flood line in several areas." The Baldwins claimed that they gave Holliman notice of their problems, but Holliman refused to repair the home.
¶ 8. The Baldwins also named the Lowndes County Board of Supervisors as defendants. The Baldwins' complaint says that the County was "negligent in failing to provide adequate drainage to the property and not maintaining good drainage on road ditches which are owned and/or under the control of Lowndes County." Also, that "Lowndes County was negligent for not properly inspecting the home before issuing a permit."
¶ 9. Within their complaint, the Baldwins stated that their property is consistently flooded in heavy rains, resulting in water continuously standing in ditches. The Baldwins alleged that the flooding was caused by a "defective, unsafe, or dangerous condition of a highway, road, street, culvert, or other structure" that the County owned. Further, that the flooding was caused by "a dangerous or defective condition of a public structure or other public *405 improvement." The Baldwins stated that they notified the County about their problems and demanded remedial action, but the County refused.
¶ 10. The Baldwins stated that their floors, carpet, and tile were ruined, and their foundation was damaged, as well as their furniture and fixtures. Further that "the market value of [their] home and property has been destroyed." Wanda reportedly developed an allergic reaction to mold and wetness in the home. The Baldwins also complained that they suffered severe emotional distress and anguish, severe mental shock, and that they became nervous and fearful. As compensation, the Baldwins requested $500,000.
¶ 11. Holliman responded to the Baldwins complaint. Holliman asserted affirmative defenses and stated that the Baldwins failed to state a claim for which relief may be granted. Holliman also asserted that the claim was barred by the statute of limitations. Holliman also claimed that the home was not covered by a ten-year warranty. Finally, Holliman claimed that the home was manufactured in a workmanlike manner and was suitable for habitation.
¶ 12. The County responded with a motion to dismiss based on the Baldwins' failure to provide statutory notice of a claim against a government entity, pursuant to Section 11-46-11 of the Mississippi Code (Rev.2002). The County filed their answer on April 17, 2003. In its answer, the County claimed that the Baldwins failed to state a claim upon which relief may be granted. The County also asserted that operation of the statute of limitation barred the Baldwins' suit. Further, the County claimed that the Mississippi Tort Claims Act and sovereign immunity precluded any finding of liability.
¶ 13. Holliman filed a motion for summary judgment on June 30, 2003. The County filed a motion for summary judgment on August 15, 2003. On October 31, 2003, the circuit court conducted a hearing on the County's motion for summary judgment, though no transcript was made of that hearing. However, on November 17, 2003, the circuit court granted the County's motion for summary judgment. The circuit court found that the Baldwins' claim against the County was barred by the statute of limitations, including Section 15-1-49(1) of the Mississippi Code (Rev.2003). Alternatively, the circuit court found that, regarding the Baldwins' claim that the County failed to use ordinary care, no genuine issue of material fact existed.
¶ 14. The circuit court also determined that, to the extent that the Baldwins' claims against the County fall outside the discretionary functions exception at Section 11-46-9(1)(d), the Baldwins failed to establish that the County owed the Baldwins a duty. Further, the Baldwins failed to establish that the acts or omissions alleged against the County proximately caused the damages at issue. Consequently, the circuit court granted the County's motion for summary judgment and dismissed the Baldwins' claims against the County with prejudice.
¶ 15. On November 18, 2003, the circuit court issued summary judgment for Holliman. The circuit court noted that Wanda claimed that she had been told that she had a ten-year warranty, but that Wanda did not produce a warranty document of any kind. The circuit court determined that the Baldwins did not present any evidence of fraudulent concealment and no direct evidence of any defect. The circuit court also determined that the statute of limitations on the Baldwins' claim had run, barring the Baldwins' suit.
¶ 16. Aggrieved, the Baldwins appeal and claim that (a) genuine issues of material *406 fact exist, (b) the statute of limitations does not bar their action, and (c) the County owes them a duty.

ANALYSIS
¶ 17. Summary judgment is proper if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact." M.R.C.P. 56(c). When considering a motion for summary judgment, a trial court must view the sources listed above in the light most favorable to the non-moving party. Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss.1983). Here, the circuit court granted summary judgment to both Holliman and Lowndes County. The Baldwins assert that the circuit court erred in making both decisions. The Baldwins claim that genuine issues of material fact exist.
¶ 18. For summary judgment purposes, a fact is "material" if it tends to resolve any of the issues properly raised by the parties. Webb v. Jackson, 583 So.2d 946, 949 (Miss.1991) (citations and internal quotations omitted). A mere allegation by the non-moving party that a dispute over whether a material fact exists will not defeat a movant's otherwise properly supported motion for summary judgment. Reynolds v. Amerada Hess Corp., 778 So.2d 759, 765(¶ 27) (Miss.2000). A summary judgment motion should be denied unless a court finds, beyond a reasonable doubt, that the plaintiff would be unable to prove any facts to support his claim. Rush v. Casino Magic Corp., 744 So.2d 761(¶ 6) (Miss.1999). Said another way, a court should grant a summary judgment motion if the court finds, beyond a reasonable doubt, that the plaintiff would not be able to prove any facts to support his claim. E.g., id. With that in mind, can we say, beyond a reasonable doubt, that the Baldwins would not be able to prove any facts to support their claim?
¶ 19. We note the three instances of error cited by the Baldwins. However, the Baldwins blend their arguments among the two defendants. As a result, certain allegations apply to Lowndes County, while others are relevant to Holliman. We address the Baldwins' contentions, but we must completely reorganize them for a clear analysis. Additionally, we must separate the defendants and discuss them individually. For example, while the Baldwins assert that "the trial court erred in granting summary judgment to the defendants on the basis of statute of limitations," there are two entirely different statutes that apply to the two defendants. Accordingly, we reorganize the Baldwins' myriad of claims for the sake of clarity, brevity, and simplicity. We begin by considering whether summary judgment was proper because the Baldwins filed their claims outside the periods prescribed by statute. If the Baldwins' claims are barred by statutes of repose and limitation, consideration of other issues is moot.

STANDARD OF REVIEW
¶ 20. This Court conducts a de novo review of orders granting or denying summary judgment. Rush, 744 So.2d at 764(¶ 5). Accordingly, we are bound by the same mandate as the circuit court. Id.

I. DID THE TRIAL COURT ERR BY GRANTING HOLLIMAN'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF SECTION 15-1-41 OF THE MISSISSIPPI CODE?
¶ 21. The circuit court found that the Baldwins' claim against Holliman was time barred by operation of Section 15-1-41 of the Mississippi Code. That statute states:

*407 [n]o action may be brought to recover damages for injury to property, real or personal, or for an injury to the person, arising out of any deficiency in the design, planning, supervision or observation of construction ... against any person, firm or corporation performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than six (6) years after the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof.
¶ 22. The Baldwins state that they discovered the cause of the drainage problem when they received American Leak Detection's report in 2001 "after trying throughout the years to determine the cause and remedy it." The Baldwins claim that this is a material fact which tends to resolve the issue of the tolling of the statute of limitations. Holliman argues that the limitations period began to run when Wanda Baldwin took possession of the home and began occupying it.
¶ 23. Section 15-1-41 is a statute of repose. Air Comfort Systems, Inc. v. Honeywell, Inc., 760 So.2d 43(¶ 12) (Miss.Ct.App.2000). "A statute of repose bars actions after a period of time beginning with the act of an alleged wrongdoer unrelated to the date of injury." Theunissen v. GSI Group, 109 F.Supp.2d 505, 509 (N.D.Miss.2000) (citations and internal quotations omitted). Consequently, one who sues seeking damages for an injury due to defects in an improvement to real property must bring that action within a certain period of time of completion, regardless of when the injury occurs. Air Comfort Systems, Inc., 760 So.2d at 43(¶ 12).
¶ 24. Holliman is correct. Wanda Baldwin began her occupancy of the home after Holliman completed construction in 1992. There is no genuine issue of fact regarding the application of the statute of repose. The statutory language is clear. Wanda's cause of action expired six years later in 1998. We agree with the circuit court's decision to grant Holliman's motion for summary judgment.

II. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY GRANTING LOWNDES COUNTY'S MOTION FOR SUMMARY JUDGMENT BASED ON OPERATION OF THE STATUTE OF LIMITATIONS?
¶ 25. The circuit court determined that the statute of limitations barred the Baldwins' action against Lowndes County. The Baldwins seem to claim that the statute of limitations did not begin to run in 1992. Admitting that they first became aware of water in the backyard at the inception of occupancy, the Baldwins point out that they repeatedly asked Lowndes County for help, but in 2000, water seeped under the house, cracked the floor, entered the home, and damaged the home and furnishings. The Baldwins claim that the jury should have the opportunity to decide the question of discovery of a cause of action that triggered the statute of limitations. They cite Schiro v. American Tobacco Co., 611 So.2d 962 (Miss.1992) and Smith v. Sneed, 638 So.2d 1252 (Miss.1994) as the basis for that contention.
¶ 26. The circuit court applied Section 15-1-49 of the Mississippi Code. A catch-all statute of limitations, Section 15-1-49(1) of the Mississippi Code dictates that all actions for which no statute of limitations is prescribed shall be commenced within three years after the cause of action accrued. The circuit court applied Section 15-1-49 after determining that the Mississippi Tort Claims Act (MTCA) did not apply because the Baldwins' cause of action accrued in 1992 and the MTCA took effect on April 1, 1993.
*408 ¶ 27. The Baldwins' cause of action accrued in the fall of 1992, when the Baldwins discovered their drainage problems. The Baldwins acted on that discovery when they asked Lowndes County to remedy the drainage problem. After visiting the property in 1992, Lowndes County concluded that it could not remedy the Baldwins' problems. The Baldwins waited until April 22, 2002, to file this action.
¶ 28. Additionally, the Baldwins' reliance on Schiro and Smith is misplaced. The plaintiff in Schiro developed lung cancer and did not discover her cause of action until she discovered she had cancer. Schiro, 611 So.2d at 965. The plaintiff in Smith brought a legal malpractice action against his criminal defense attorney for failure to obtain an autopsy report that indicated natural causes of death. The Mississippi Supreme Court determined that Section 15-1-49 did not begin to run until the plaintiff discovered the existence of the autopsy report and the information it contained. Smith, 638 So.2d at 1258. Here, the Baldwins admitted discovery of the drainage problems in 1992. The Baldwins asked Lowndes County to remedy their problem in 1992. In 1992, Lowndes County told the Baldwins that the county could not remedy the drainage problems. The Baldwins' claim accrued in 1992, and the statute of limitations began to run. The Baldwins claim expired three years later. There is no merit to the alleged error.

III. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY FAILING TO APPLY THE DOCTRINE OF EQUITABLE ESTOPPEL AND ITS TOLLING EFFECT ON THE STATUTE OF LIMITATIONS?
¶ 29. Within the Baldwins' assertion that "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS ON THE BASIS OF STATUTE OF LIMITATIONS" the Baldwins make an alternative argument, should this Court determine that the Baldwins' causes of action expired. The Baldwins claim equitable estoppel precludes operation of the statute of limitations.
¶ 30. Equitable estoppel is "the principle by which a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion was allowed." Koval v. Koval, 576 So.2d 134, 137 (Miss.1991). "Subjective intent to mislead is unnecessary, so long as the acts of the party sought to be estopped, viewed objectively, were calculated to and did mislead the other party." Christian Methodist Episcopal Church v. S & S Constr. Co., Inc., 615 So.2d 568, 571 (Miss.1993). If a plaintiff's delay in filing is caused by a defendant's misrepresentation, the statute of limitations is tolled. Smith v. Franklin Custodian Funds, Inc., 726 So.2d 144, 150(¶ 19) (Miss.1998).
¶ 31. The Baldwins declare that they reasonably relied on Holliman's representation that the home carried a ten-year warranty. Further, that they delayed filing suit to their detriment. They cite Trosclair v. Mississippi Dept. of Transp., 757 So.2d 178, 181(¶ 13) (Miss.2000) where the supreme court stated that a question of reasonable reliance is a genuine issue of material fact precluding summary judgment.
¶ 32. As mentioned above, Section 15-1-41 of the Mississippi Code is a statute of repose. The Baldwins have not cited any authority which allows tolling of *409 a statute of repose by equitable estoppel or otherwise. Equitable tolling is not permitted for a statute of repose. Cook v. Children's Medical Group, P.A., 756 So.2d 734, 742(¶ 31) (Miss.1999). The Baldwins' claim is meritless.

IV. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY FAILING TO APPLY THE DOCTRINE OF FRAUDULENT CONCEALMENT AND ITS TOLLING EFFECT ON THE STATUTE OF LIMITATIONS?
¶ 33. The Baldwins also claim Holliman misled them about the duration of their warranty and caused the Baldwins to delay filing suit. The Baldwins cite Robinson v. Cobb, 763 So.2d 883 (Miss. 2000) for their proposition that whether a party concealed his participation in the activity is a fact question to be left for jury determination. According to the Baldwins, "[t]his is a material fact which tends to resolve the issue of tolling of the statute of limitations, thereby precluding summary judgment." Holliman argues that he never gave the Baldwins a ten-year warranty.
¶ 34. To establish fraudulent concealment, the asserting party must show some act or conduct of an affirmative nature designed to prevent discovery of the claim. Reich v. Jesco, Inc., 526 So.2d 550, 553 (Miss.1988). That conduct, designed to prevent discovery of the claim, must actually prevent discovery of the claim. Id.
¶ 35. We note that the Baldwins have not been able to produce a ten-year warranty document. Wanda Baldwin produced a letter, marked as deposition exhibit number one, titled "Notice of Expiration of First Year of Warranty." However, that letter came from Glendal E. Reid, County Supervisor of the Farmer's Home Administration, to simply notify the Baldwins of an expiration date of the builder's one-year warranty. There is a mention of a ten-year warranty therein, but no reference thereto as the same applying to this home. Neither Reid nor the FHA is an agent of Holliman. There is no evidence in the record demonstrating that Holliman or anyone resembling an agent of Holliman gave the Baldwins a ten-year warranty on the home.
¶ 36. Lack of warranty evidence notwithstanding, the Baldwins' reliance on Robinson is misplaced. Robinson applied fraudulent concealment to a statute of limitations. Section 15-1-41, a statute of repose, begins to run at occupancy. Fraudulent concealment does not toll a statute of repose. See Reich, 526 So.2d at 552.

V. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY FAILING TO APPLY THE TOLLING FUNCTION ASSOCIATED WITH CONTINUING TORTS?
¶ 37. The Baldwins claim that they are damaged each time their yard floods. They conclude that they suffer a continuing injury, and argue that their continuing injury tolls operation of the statutes of limitation. Though the Baldwins find it unnecessary to divide the arguments against Holliman and Lowndes County, such division is necessary. However, we first discuss the doctrine of continuing torts and the application of that doctrine to statutes of limitation.
¶ 38. A continuing tort involves a repeated injury and the cause of action begins to run from the date of the last injury, tolling the statute of limitations. McCorkle v. McCorkle, 811 So.2d 258(¶ 12) (Miss.Ct.App.2001). A cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury. Owens-Illinois v. Edwards, 573 So.2d 704, 709 (Miss.1990).

*410 A. LOWNDES COUNTY
¶ 39. Assuming Lowndes County can be liable for negligent inspection or negligent performance of a duty to ensure proper drainage, and that Lowndes County can be liable for breach of such a duty, the injury here is not a continuing injury as contemplated by the doctrine that follows that term.
¶ 40. "A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation." Smith, 638 So.2d at 1256 (quoting Stevens v. Lake, 615 So.2d 1177, 1183 (Miss.1993)). If we applied the doctrine of continuing injury to the present facts, the Baldwins would have a perpetual cause of action accruing every time a sufficient volume of rain accumulates in their yard.
¶ 41. The Baldwins' harm did not arise from any repeated wrongful conduct by Lowndes County. The Baldwins' cause of action arose in 1992 at the time of the alleged "original violation" when Lowndes County inspected the property and subsequently declined to remedy the Baldwins' drainage situation.

B. HOLLIMAN
¶ 42. The Baldwins assert that the present facts are analogous to the facts and decision in Evans v. Almand Constr. Co., Inc., 530 So.2d 485 (Fla.App.1988). In Evans, the plaintiffs purchased a home and later discovered that the house was settling because the foundation was poured on unsuitable fill. The plaintiffs argued that summary judgment based on the statute of limitations was improper because the trial court failed to toll the statute of limitations based on discovery of a latent defect. On appeal, the Florida District Court reversed the trial court and held that the statute of limitations was tolled and began to run when the plaintiffs discovered the latent defect in the construction of their home. Id. The Baldwins compare Evans to the present facts and argue that this Court should follow the Florida court.
¶ 43. While Evans seems analogous at first glance, we find that the present case is more on point with Almand Constr. Co. v. Evans, 547 So.2d 626 (Fla.1989). Our research indicates that the defendant in Evans appealed that decision. On appeal, the Florida Supreme Court reversed and held that the trial court's decision to grant summary judgment based on the statute of limitations was proper. In Almand, the plaintiffs knew about the structural problems caused by settling of the house and asked the defendant to cure the problem seven years prior to filing suit. Accordingly, the Baldwins' reliance on Evans is misplaced because the original Evans decision was reversed. What is more, Section 15-1-41, a statute of repose, accrues from the date of occupancy. Here, the original date of occupancy was in 1992. This assignment of error is wholly without merit.

CONCLUSION
¶ 44. Having found that the Baldwins' claims against both Holliman and Lowndes County are outside the respective statutes of repose and limitations, there is no need for further discussion.
¶ 45. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.