972 So.2d 652 (2007)
Steve WINDHAM, James E. Smith and Chad L. Garvin, Appellants
v.
LATCO OF MISSISSIPPI, INC. and Fabral, Inc., Appellees.
No. 2005-CA-02086-COA.
Court of Appeals of Mississippi.
February 6, 2007.
Rehearing Denied June 5, 2007.
P. Shawn Harris, Forest, attorney for appellants.
Justin L. Matheny, Timothy D. Moore, John P. Sneed, James W. Shelson, Jackson, attorneys for appellees.
Before MYERS, P.J., CHANDLER and ROBERTS, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. Choctaw Maid Farms, Inc., a poultry processor, undertook an expansion *653 project in 1995 that necessitated its farmers construct housing for the additional chickens Choctaw would require given the resultant increase in post-expansion production. The houses were designed and manufactured by Fabral, Inc., and Latco of Mississippi, Inc. acted as the general contractor during the construction of each of the plaintiffs' poultry houses. The houses were completed and occupied in 1995 and 1996, and began to leak soon thereafter. Steve Windham, James Smith, and Chad Garvin, chicken farmers for Choctaw, did not file their complaint until May 17, 2004. Following discovery, Fabral and Latco filed separate motions for summary judgment on the basis that any cause of action the plaintiffs may have had ended as per Mississippi Code Annotated Section 15-1-41 (Rev.2003). Following a hearing, the motions for summary judgment were granted by the Circuit Court of Scott County. Windham, Garvin, and Smith now appeal, raising the following issue, which we quote verbatim:
I. WHETHER OUR FRAUDULENT CONCEALMENT STATUTE OF SECTION 15-1-67 MISS. CODE ANN. WILL ALSO ACT TO TOLL OR ESTOP THE STATUTE OF REPOSE OF SECTION 15-1-41 CONCERNING THE CONSTRUCTION OF IMPROVEMENTS ON REAL PROPERTY.
Finding no error, we affirm.

FACTS
¶ 2. Smith and Garvin each contracted with Latco to build the poultry houses utilizing a new roofing system called grand beam design, which was developed and manufactured by Fabral. In August 1995 four houses were completed for Smith. Garvin's four houses were completed the following year in the summer of 1996. Windham's houses were completed in 1996 as well, but he did not purchase them until 1998. Following completion of the houses, Windham's houses were occupied in January 1996, Smith's in July or August 1995 and Garvin's during the summer of 1996. Subsequently, Windham discovered that his newly designed roofs were leaking in January 1999, Smith during the summer of 1997, and Garvin in December 1999.
¶ 3. Following repeated unsuccessful attempts to correct the problem causing the leaks, Windham, Garvin, and Smith retained counsel in early 2003. At least two engineering firms were then hired to determine the cause of the leaks and other damage the chicken houses were experiencing. After receiving reports from the engineering firms detailing their findings, Windham, Garvin, and Smith filed suit on May 17, 2004, in the Circuit Court of Scott County. After several rounds of depositions and other discovery, Fabral filed a motion for summary judgment on April 4, 2005. Soon after, on May 20, 2005, Latco filed its motion for summary judgment. After Windham, Garvin, and Smith filed their response, a motions hearing was held on June 1, 2005, in the Circuit Court of Scott County. After due consideration of the issues, the lower court entered its judgment granting the appellees' motions for summary judgment on October 4, 2005. The court found that both Fabral and Latco were subject to Mississippi Code Annotated Section 15-1-41 and that the plaintiffs' claims were filed outside of the six-year time frame of the statute of repose. Finally, in dismissing the plaintiffs' claims, the trial court found that because a claim of fraudulent concealment does not toll the statute of repose, their claims were barred. From this judgment, the plaintiffs appeal.

STANDARD OF REVIEW
¶ 4. Our standard of review is de novo when reviewing a trial court's grant of summary judgment. Williams v. Bennett, *654 921 So.2d 1269(¶ 9) (Miss.2006). As in any de novo review, this Court shall review all "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any." M.R.C.P. 56(c). The movant carries the burden of showing that no genuine issue of material fact exists, while the non-moving party is given the benefit of the doubt. Webb v. Braswell, 930 So.2d 387(¶ 12) (Miss.2006). Additionally, all evidence must be viewed in a light most favorable to the non-moving party. Stallworth v. Sanford, 921 So.2d 340(¶ 5) (Miss.2006). If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party's favor. McCullough v. Cook, 679 So.2d 627, 630 (Miss.1996).

ANALYSIS
I. WHETHER OUR FRAUDULENT CONCEALMENT STATUTE OF SECTION 15-1-67 MISS. CODE ANN. WILL ALSO ACT TO TOLL OR ESTOP THE STATUTE OF REPOSE OF SECTION 15-1-41 CONCERNING THE CONSTRUCTION OF IMPROVEMENTS ON REAL PROPERTY.
¶ 5. The appellants argue that the lower court erred when it granted the appellees' motions for summary judgment. Specifically, it is their contention that Mississippi Code Annotated Section 15-1-67 (Rev. 2003) should toll the statute of repose codified at Section 15-1-41. The trial court thoroughly analyzed the current state of our law pertaining to Section 15-1-41. At the conclusion of the lower court's analysis it found that a claim of fraudulent concealment could not toll the statute of repose and that there was no genuine issue of material fact as to whether the appellants' claims were untimely made. We agree.
¶ 6. This Court has recently stated that, "[f]raudulent concealment does not toll a statute of repose." Baldwin v. Holliman, 913 So.2d 400(¶ 36) (Miss.Ct.App.2005). In holding as such, we relied on Reich v. Jesco, Inc., 526 So.2d 550 (Miss.1988). In Reich, after Jesco completed construction on, coincidentally, a chicken house for Reich in 1973, a winter storm caused the building to collapse in 1985, and Reich brought suit. Reich, 526 So.2d at 551. Following a grant of summary judgment for Jesco on the grounds that the then ten year statute of repose had lapsed, Reich appealed to the supreme court. Id. In affirming the lower court, the supreme court stated, "[t]hat Reich did not know or have reason to know of the design and construction deficiencies in the chicken house is of no moment. The ten-year limitations period applies in the case of deficiencies patent or latent and the clock starts ticking on date of occupancy." Id. at 552. Furthermore, the supreme court went on to state, "[t]he legislative judgment in effect affords owners such as Reich a ten year limited warranty grounded in positive law. The statute incorporates a policy judgment that at the end of ten years following actual occupancy contractors such as Jesco are entitled to close their books on the chicken house project." Id. The supreme court continued its opinion with a discussion of Reich's claim of fraudulent concealment and argument that such a claim, if proven, tolled section 15-1-41. Id. In finding that Reich could not prove fraudulent concealment, the supreme court began its analysis with the sentence, "Reich and his subrogated co-plaintiff, MFBIC, struggle mightily to evade our settled law." Id. The court then discussed two cases which involved not a statute of repose, but one of limitation. Id. The statute of repose would not have applied as the cases discussed involved land and not improvements upon the land. *655 Given the supreme court's discussion of the mechanics of the limitations imposed by section 15-1-41, its reference to the limitations as "settled law," and the fact that the cases cited during its analysis of Reich's fraudulent concealment argument did not involve a statute of repose, we interpret its consideration of the argument not as casting doubt upon the unbending finality of the six year limitation imposed by Section 15-1-41, but an exercise benefitting academia concerning the merits of a fraudulent concealment claim.
¶ 7. Section 15-1-41 is, without question, a statute of repose. See McIntyre v. Farrel Corp., 680 So.2d 858, 858 (Miss.1996). As such, it differs in treatment from a statute of limitations. Section 15-1-41 states, in pertinent part,

No action may be brought to recover damages for injury to property, real or personal, or for an injury to the person, arising out of any deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property, and no action may be brought for contribution or indemnity for damages sustained on account of such injury except by prior written agreement providing for such contribution or indemnity, against any person, firm or corporation performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than six (6) years after the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof. . . .
Miss.Code Ann. § 15-1-41 (emphasis added). By comparison, our general statute of limitations, Section 15-1-59, states as follows, "(1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of action accrued, and not after. . . ." Miss.Code Ann. § 15-1-49(1) (Rev.2003) (emphasis added). The statute the appellants claim tolls section 15-1-41 states,
If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.
Miss.Code Ann. § 15-1-67 (Rev.2003) (emphasis added). The plain language of section 15-1-67 indicates that proof of fraudulent concealment establishes the time which a cause of action accrues to that point in time when the offended knew, or with reasonable diligence, might have known of the fraud. Section 15-1-41 contains no language of when, and under what circumstances, an action accrues. The statute simply states that "no action may be brought" after the statutory limitation of six years has passed. In contrast, the general statute of limitations, section 15-1-49(1), sets the time period in which a claim may be brought to three years after the cause of action accrues.
¶ 8. The supreme court has identified this subtle, yet important, difference. It stated,
A statute of limitation is distinguishable from a statute of repose in the sense that the latter "cuts off the right of action after a specified period of time measured from the delivery of a product or the completion of work. [Statutes of repose] do so regardless of the time of the accrual of the cause of action or of notice of the invasion of a legal right."
Evans v. Boyle Flying Serv. Inc., 680 So.2d 821, 827 n. 4 (Miss.1996) (emphasis added) (quoting Universal Engineering Corp. v. Perez, 451 So.2d 463, 465 (Fla. *656 1984)). It is clear from section 15-1-67 that a successful claim of fraudulent concealment does set the date of accrual of the underlying cause of action to the time that it was, or should have been, discovered. Furthermore, the applicable statute of limitations for the underlying cause of action may be tolled to the date complying with section 15-1-67. It is equally clear that the six year limitation of section 15-1-41 is not affected by the date of accrual, and, by extension, not tolled by section 15-1-67. Therefore, as we stated in Baldwin, a successful claim of fraudulent concealment does not toll the statute of repose. As it is undisputed that the plaintiffs' claims were filed more than six years after the chicken houses were occupied, such claims are barred.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY GRANTING THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND IHSEE, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.