DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**INLET MARINA OF PALM BEACH, LTD.,**
Appellant,

v.

**SEA DIVERSIFIED, INC.,**
**ANDERSON-MOORE CONSTRUCTION CORP.,** and
**ARDAMAN & ASSOCIATES, INC.,**
Appellees.

No. 4D17-1406

[January 31, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 2013CA012363XXXXMB.

Raymond M. Masciarella II, North Palm Beach, and Tyson J. Waters, Jupiter, for appellant.

Richard G. Rumrell and Lindsey C. Brock III of Rumrell, McLeod & Brock III, Jacksonville, for appellee Sea Diversified.

GERBER, C.J.

The plaintiff marina sued the defendant engineer in alternative causes of action arising from the engineer's design of a concrete runway slab upon which forklifts transport boats from a boat barn to the water launch area. The slab developed cracks, spalling, and other deterioration over a period of time. The engineer filed a motion for summary judgment, arguing that the four-year statute of limitations barred the plaintiff's causes of action. The circuit court entered a final order granting the engineer's motion.

The marina appeals, arguing, among other things, that a genuine issue of material fact existed as to when it discovered or should have discovered the latent design defect in the runway slab with the exercise of due diligence, which should have precluded the court's application of the statute of limitations as a matter of law. *See* § 95.11(3)(c), Fla. Stat. (2013) ("Actions . . . shall be commenced . . . [w]ithin four years [for] [a]n action founded on the design, planning, or construction of an improvement to

real property, with the time running from . . . the date of completion or termination of the contract between the professional engineer . . . *except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence.*") (emphasis added).

Based on our review of the record, we agree with the marina on this argument only and reverse. *See Performing Arts Ctr. Auth. v. Clark Constr. Grp., Inc.*, 789 So. 2d 392, 394 (Fla. 4th DCA 2001) ("[W]here there is an obvious manifestation of a defect, notice will be inferred at the time of manifestation regardless of whether the plaintiff has knowledge of the exact nature of the defect. *However, . . . where the manifestation is not obvious but could be due to causes other than an actionable defect, notice as a matter of law may not be inferred.*") (emphasis added; citation omitted). As in *Performing Arts*, whether the facts and circumstances were sufficient to put the marina on notice that a cause of action existed before the four-year limitations period expired should be a question for the jury.

We conclude without further discussion that the other arguments which the marina raises in support of reversal (including its procedural, equitable tolling, and equitable estoppel arguments) lack merit.

*Reversed and remanded.*

LEVINE, J., and SINGHAL, RAAG, Associate Judge, concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2